**WHEELER v. LIENTZ et al.**
No. 9850.

District Court, W. D. Missouri, W. D.
Jan. 11, 1939.

George V. Aylward, of Kansas City, Mo., for plaintiff.

Henry J. Plagens, of Kansas City, Mo., for defendants.

COLLET, District Judge.

This cause is pending on motion for security for costs filed by defendants. The subject would not merit discussion were it not for the fact that plaintiff contends that the Federal Rules of Civil Procedure, effective September 16, 1938, 28 U.S.C.A. following section 723c, abrogate the right and power formerly exercised by District Courts to require, on motion, the giving of security for costs. It is asserted that motions for security for costs are "unknown" to the present practice under the above rules because such a motion is not included in the enumeration of proper motions in Rule 12, 28 U.S.C.A. following section 723c. Reference to that rule will readily disclose that Subdivision (b) refers to "defenses" which may be presented by motion. A motion for security for costs is not a defense and is not affected and hence not prohibited by paragraph (b). The language of Subdivision (h) providing for the waiver of all defenses or objections which are not presented by motion, as hereinbefore provided, may with more plausibility be urged as an apt reference to matters of the kind here involved. That is so because of the provision that objections, as well as defenses, must be raised by motion "as hereinbefore provided." The question therefore is: Are motions for security for costs "objections" within the meaning of that term as used in Rule 12, and, if so, does paragraph (h) eliminate motions for security for costs entirely by providing that "a party waives all * * * objections which he does not present * * * by motion as hereinbefore provided." It is to be noted that the motions "hereinbefore provided" do not include motions for security for costs. It is suggested that in this indirect manner all motions not referred to in Rule 12 are abolished. The suggestion is ingenious but unconvincing. The practice of the trial courts of entertaining, in proper cases, motions for security for costs was, and is, well known and established. District Courts have long possessed the right to make rules governing practice in those courts. That right is preserved by Rule 83 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Although it is readily conceded that the primary purpose of the new Federal Rules of Civil Procedure is, by the simplification of procedure, the expedition of the business in the courts, the elimination of unnecessary expense, and other improved methods, to make the courts more useful instruments for the purposes for which they were created and exist, yet it cannot be assumed that rules long established by District Courts under former authority and continued under Rule 83, supra, not inconsistent with Statute or the spirit or objectives of the newly prescribed general rules of procedure, are nullified in the indirect manner suggested.

It is not apparent or seriously contended that injustice or hardship will result from a requirement that plaintiff secure the payment of costs. A proper order for such security will be made.