**GILLSON v. VENDOME PETROLEUM CORPORATION.**

No. 401 Civil.

District Court, E. D. Louisiana, New Orleans Division.

Nov. 29, 1940.

**816**

Schwarz, Guste, Barnett & Redmann and Ralph J. Schwarz, all of New Orleans, La., for plaintiff.

Denegre, Leovy & Chaffe and Henry H. Chaffe, all of New Orleans, La., for defendant.

CAILLOUET, District Judge.

Under Rule 31 of this Court, reading as follows:

"The proceeding by executory process is adopted as a statutory and law proceeding in this Court.

"The term, 'creditor having possession of an act of mortgage', in the Code of Practice, includes all persons who hold any portion of the debt inscribed in the mortgage, and the petition shall disclose the names of the persons who hold any part of it, and the holders of the debt shall have notice of the proceedings, or·be made par-

ties as petitioners, or a sufficient reason for not making such parties or giving such notice shall be set forth in an affidavit filed with such petition, and such affidavit may be amended by leave of the Court.

"The notice to the defendant shall be given three days before the seizure, in order that payment or opposition may be made for any of the causes mentioned in Article 739 of the Code of Practice, or because of the order of seizure being irregular.

"Upon filing an opposition in due form, for reasons set forth in Article 739, C.P., or because of irregularity or illegality of the order of seizure, an order for a stay of proceedings in the execution of the process may be obtained, to have the effect of the injunction described in the Code of Practice.

"In all other cases equitable relief must be sought by bill in equity, according to the·practice in equity causes."

Mrs. Priscilla Ogden Gillson, as "petitioner", prayed for and secured, on October 11, 1940, the following order from this Court, to-wit: "Let executory process issue herein, as prayed for and according to law".

The claimed mortgage indebtedness, urged as the basis for the issuance of such executory process, originated no earlier than October 20, 1939, as appears by the certified copy of the act of mortgage of that date, which is annexed to the petition.

The indebtedness, therefore, arose at a time subsequent to the adoption of the Rules of Civil Procedure for the District Courts of the United States.

The aforementioned Court Rule 31 had been adopted and was in use long before the coming into being, on September 16, 1938, of said Rules of Civil Procedure as "a unified system of general rules for cases in equity and actions at law in the District Courts of the United States and in the Supreme Court of the District of Columbia, so as to secure one form of civil action and procedure for both classes of cases, while maintaining inviolate the right of trial by jury in accordance with the Seventh Amendment of the Constitution of the United States and without altering substantive rights". U. S. Supreme Court order of June 3, 1935, 55 S.Ct. xxxix; Act of June 19, 1934, c. 651, 48 Stat. 1064, Title 28 U.S:C.A. § 723b and § 723c; and Rules of Civil Procedure, following section 723c, Title 28 U.S.C.A.

The aforementioned Court Rule 31 characterizes executory process as a "law" proceeding in *this* Court, but the Supreme Court of the United States, in the case of Fleitas v. Richardson, 1893, 147 U.S. 538, 13 S.Ct. 429, 37 L.Ed. 272, definitely held it to be, though summary in form, a proceeding in the nature of a bill in equity and belonging on the equity side of the court. Also, in the case of Lovell v. Cragin et al., 1890, 136 U.S. 130, 10 S.Ct. 1024, 34 L.Ed. 372, the Supreme Court referred to the proceeding there under review as "a suit in equity, in the nature of an hypothecary action, under the Civil Code of Louisiana."

For the present purposes, however, it is unimportant whether executory process be an equity or a law proceeding.

It is, certainly, a suit or action of a civil nature. Louisiana Code of Practice, Arts. 1, 8, 9, 96, 97.

It is the hypothecary action defined by the codal article 61, and referred to in article 63.

It is a proceeding that is "executory", as the same is defined by article 98.

The defendant, Vendome Petroleum Corporation, moves the Court as follows:

"I.

"1. To dismiss the action or in lieu thereof to set aside and quash the summons issued herein, the service made thereof and the return of service of said summons on the grounds:

"(a) The summons issued herein dated October 11, 1940, and served on said date fails to state, as required by the Federal Rules of Civil Procedure, the time within which, according to and as required by said rules, the defendant is required to appear and defend and fails to state that in case of failure of defendant to do so judgment by default will be rendered against it for the relief demanded in the complaint.

"(b) In the alternative, said summons sets forth that 'Payment is demanded of you within three days from the service hereof of the amount specified in the prayer of the accompanying petition, with interest, attorneys fees and costs; and in default of payment within that delay, a writ of seizure and sale will issue under the order rendered and endorsed on the said petition, and the property therein described will be seized and sold according to law.', whereas the Federal Rules of Civil Procedure require that at least 20 days after service of the summons and complaint upon the defendant shall be allowed to defendant within which to file its defenses or otherwise plead and that the summons shall so state.

"II.

"Without in any way waiving and with full reservation of its rights under the foregoing, the defendant, Vendome Petroleum Corporation, further moves the Court as follows:

"1. To dismiss the action or in lieu thereof to set aside and quash the notice of seizure issued herein, the service of said notice of seizure and the return of service of said notice of seizure and to set aside and quash the seizure made herein on the ground that the Federal Rules of Civil Procedure prohibit the issuance of such a notice of seizure, of service of such a notice of seizure, the return of service of such a notice of seizure and prohibit the making of such a seizure as is attempted to be made in these proceedings.

"2. To dismiss the action or in lieu thereof to set aside and quash the order rendered in this cause on October 11, 1940, reading as follows: 'Let executory process issue herein as prayed for and according to law.', on the ground that the rendition of such an order is in conflict with and prohibited by the Federal Rules of Civil Procedure in that it constitutes an attempt to have this court proceed in a civil action in accordance with a special form and method of procedure provided by the laws of the State of Louisiana and to have this court not proceed in accordance with the Federal Rules of Civil Procedure, which it was the purpose and object of the Federal Rules of Civil Procedure to prevent, it being the purpose and object of said Federal Rules of Civil Procedure to establish and maintain a uniform form and method of procedure in all civil actions in all District Courts of the United States.

"3. To dismiss the action on the ground that the form and method of procedure herein sought to be exercised is contrary to, in conflict with and prohibited by the Federal Rules of Civil Procedure in that it constitutes an attempt to have this Court proceed in a civil action in accordance with a special form and method of procedure provided by the laws of the State of Louisiana and to have this court not proceed in accordance with the Federal Rules of Civil Procedure, which it was the purpose and object of the Federal Rules

of Civil Procedure to prevent, it being the purpose and object of said Federal Rules of Civil Procedure to establish and maintain a uniform form and method of procedure in all civil actions in all District Courts of the United States."

Mortgagee's counsel contend that her substantive rights as mortgagee are involved in the determination of the question whether or not she properly attempted to avail herself of the Louisiana executory process before this Federal Court, in pressing her mortgage claim against the mover; on the other hand, mover's counsel insist that the matter is one of mere form and procedure, and not one of substantive rights.

Clearly, since the Federal Rules of Civil Procedure have established an independent practice and procedure in the Federal Courts, no state law affecting practice and procedure can be given effect in said courts unless and until it be found that said rules, themselves, specifically authorize *this*, by way of exception.

Substantive rights, however, remain unaffected, and will be enforced. Moore's Federal Practice under the new Federal Rules, Vol. 1, p. 210.

The question here at issue apparently resolves itself to one of practice and procedure.

The mortgage involved in these proceedings could not have come into being, except by specific authority of law. Art. 3283, Revised Civil Code of Louisiana; State ex rel. Colomb v. St. Julien, Clerk, etc., 1916, 140 La. 258, 72 So., 956.

The law justifying the mortgage's existence is to be found under Title XXII of said Civil Code.

The rights of the mortgagee, as declared by Article 3397, are no more than these, to-wit:

"1. That the debtor can not sell, engage or mortgage the same property to other persons, to the prejudice of the mortgage which is already made to another creditor.

"2. That if the mortgaged thing goes out of the debtor's hands, the creditor may follow it in whatever hands it may have passed, in so much that the third possessor of it is obliged, either to pay the debt for which the thing is mortgaged or to relinquish it to be sold, that the creditor may be paid out of the proceeds thereof.

"3. That the mortgagee has the benefit of being preferred to the mere chirographic or personal creditors, and even to the other mortgagees who are posterior to him in the date of the registry of their mortgages."

The "mode of proceeding", for the enforcement of the mortgagee rights, "is prescribed in the Code of Practice". Art. 3398, R.C.C.

The Louisiana Civil Code prescribes rules of action, whilst the Code of Practice establishes rules of practice to insure the regularity of judicial proceedings and to serve as a guide to the litigant seeking to enforce rights conferred upon him by the Civil Code. Beaird v. Russ, 34 La.Ann. 315; Ellis v. Prevost, 13 La. 230.

Article 732 of the Code of Practice specifically limits, within narrow quarters, a mortgage creditor's resort to the proceeding known as executory process and he may elect to make use of ordinary process. C.P. Art. 98; Weimprender v. Fleming, La., 8 Mart., N.S., 95; Jenkins v. Grigsby, 12 La.Ann. 642; Carlin v. Gordy, 32 La. Ann. 1285.

In *that* event, the creditor waives his right to avail himself of the executory process.

In *this* case, had the mortgage creditor proceeded via ordinaria the Federal Rules of Civil Procedure would, undoubtedly, govern.

Can a mortgage creditor, in a Federal Court, by his simple election to make use of what he deems to be the more convenient and advantageous one of the two remedies afforded him by the law of a state for the enforcement of his mortgage rights, render nugatory the Federal Rules of Civil Procedure, insofar as his particular civil action is concerned? Clearly not.

The Federal Rules of Civil Procedure govern the procedure "in all suits of a civil nature whether cognizable * * * at law or in equity, with the exceptions stated in Rule 81". Rule 1.

A "suit" is any proceeding in a court of justice, whereby a plaintiff *pursues his remedy* to enforce his demand. Cohens v. Virginia, 6 Wheat. 264, 5 L.Ed. 257; Grover & B. Sewing Machine Co. v. Florence Sewing Machine Co., 18 Wall. 553, 21 L.Ed. 914.

█ Generally speaking, and unless its meaning be specially restricted, an "action" refers to any legal proceeding in a court of justice having for its purpose the enforcement of a right or the redress of a wrong. 1 C.J.S. Actions, § 1, p. 938. It is sometimes synonymous with "suit". 1 C.J.S., Actions, § 1, p. 940.

█ The term "civil action" embraces, from its natural import, every species of "suit" not of a criminal kind, and comprehends every conceivable cause of action, whether legal or equitable, except such as are "criminal", in the sense that the judgment may be a fine or imprisonment, etc. 1 Am.Jur. § 41, p. 432.

█ The Louisiana executory process, when heretofore considered in the Supreme Court of the United States, prior to the adoption of the Federal Rules of Civil Procedure, was held to be a civil suit inter partes, and a proceeding in the nature of a bill in equity for the foreclosure of a mortgage. Fleitas v. Richardson, 1893, 147 U.S. 538, 13 S.Ct. 429, 37 L.Ed. 272.

Such suit of a civil nature, as is the one here in issue, does not come within the exceptions stated in Rule 81. See Rules 1 and 81.

█ Rule 83 provides that a district court may make and amend rules governing its practice, "not inconsistent" with the Federal Rules of Civil Procedure. This has been interpreted as continuing in force all pre-existing local rules, until new local rules are adopted. Clair v. Philadelphia Storage Battery Company, D.C.E.D.Pa. 1939, 29 F.Supp. 299; Wheeler v. Lientz et al., D.C.W.D.Mo. 1939, 25 F.Supp. 939.

█ The old Rule 31 of *this* Court, which has been reproduced in extenso hereinabove, might be considered as still in existence, since no new rule in substitution has been adopted, were it not for the fact that it is definitely inconsistent with the letter, and the spirit and objective, of the newly prescribed Federal Rules. And, moreover, it may be observed, in passing, that even as to pre-existent "local" rules (such as Rule 31), the question as to whether a copy of such rules should not be first furnished to the Supreme Court of the United States before they can be said to have embarked upon the stage of perpetuated existence under the aegis of the Federal Rules, has not been disposed of; which furnishing, as to said Rule 31, has not taken place.

The Federal Rules also provide that, in "all cases not provided for by rule", a district court may regulate its practice "in any manner not inconsistent with these rules". Rule 83.

This plainly refers to procedural details.

The Act of Congress of June 19, 1934, which authorized the Supreme Court of the United States to formulate the Federal Rules of Civil Procedure, specially provided that the Court might prescribe, by general rules, "the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law."

In none of the rules is executory process referred to eo nomine, but executory process *is* a suit of a civil nature and the Federal Rules "govern the procedure in the district courts of the United States in ALL [capitals supplied] suits of a civil nature whether cognizable as cases at law or in equity" (Rule 1), except such as may be specially exempted from their operation by Rule 81; and, as already noted, this suit of a civil nature is not excepted by said Rule 81.

█ Rule 3 provides that a civil action is commenced by filing a complaint with the court. Ordinarily, the filing is with the Clerk of Court, but the Judge may permit such filing to be made with him. Rule 5 (e).

█ Since the required filing has, of course, taken place in this case, and since the Louisiana procedure by executory process may (in my opinion) no longer be availed of in a Federal Court for the enforcement of mortgage rights, but the mortgage creditor (the jurisdictional facts being present) may proceed via ordinaria, the order of executory process herein must be held to have been improvidently granted, and should now be recalled, vacated and abrogated, with all subsequent proceedings thereafter taken thereunder quashed and set aside, but the action, however, should not be dismissed.

Judgment is accordingly now rendered and signed in consonance with the foregoing, and is filed herewith.