DARI–DELITE, Inc. and Abe Levin, Herman Levin, Anna Levin and William Levin doing business as Ross Systems, Plaintiffs,

v.

Dale CLECKNER and Kitty Cleckner, Defendants.

Civ. A. No. 31090.

United States District Court
N. D. Ohio, E. D.

Jan. 3, 1957.

Sidney S. Deutsch, Rock Island, Ill., Gilbert Kinchen, Persky & Loeb, Cleveland, Ohio, for plaintiffs.

Myron D. Malitz, Cleveland, Ohio, for defendants.

WEICK, District Judge.

The complaint is labelled "Complaint for Breach of Contract". It sets forth a claim for damages for the alleged failure of the defendants to pay royalties provided under a written contract for the use of ice cream freezer machines.

Jurisdiction of this Court is based on diversity of citizenship.

The case was tried by the Court without a jury.

Dari-Delite, Inc., an Illinois corporation, was made an involuntary plaintiff by the Court under the provisions of Rule 19(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

A written contract was entered into between plaintiffs and defendants on February 9, 1950 whereby plaintiffs agreed to sell certain equipment to defendants and lease to them Dari-Delite freezers for use in making and selling ice cream in locations to be established.

Defendants agreed to pay $5,000 for the equipment, and the lease on the freezers, and a royalty of 25 cents a gallon for each gallon of mix used in said freezers.

Defendants were to have exclusive right to use the name "Dari-Delite" in Richland County, Ohio during the period of the lease.

Pursuant to the agreement, defendants erected two stores in Richland County, Ohio and paid plaintiffs the sum of $5,000 in cash.

In order that defendants might obtain financing from a local bank to build the stores, plaintiffs, on March 20, 1950, agreed in writing with defendants to modify the written agreement of February 9, 1950 so that all of the equipment described in said agreement, including the freezers, would be the property of defendants.

Defendants completed the stores and commenced operations in May, 1950 and continued until July 19, 1950 when, after consulting counsel, they notified plaintiffs in writing that they considered the modification of March 20, 1950 as terminating the lease of the freezers and defendants thereupon discontinued the use of the name "Dari-Delite".

Defendants had purchased mix for the freezers from a local dairy and continued to do so after the termination.

Shortly prior to July 19, 1950 a representative of the manufacturer and inventor of the freezer had offered to sell defendants a freezer similar to the Dari-Delite freezer without obligation to pay royalties.

Defendants paid plaintiffs $852.50 for royalties due prior to the termination. Since termination, defendants have been operating their stores under another name.

In 1951, plaintiffs filed an action against the defendants in the Court of Common Pleas of Richland County, Ohio being Case No. 32278 on the docket of the court, in which action plaintiffs sought to enforce said written contract dated February 9, 1950 and compel defendants to account to plaintiffs and pay them 25 cents per gallon for each gallon of mix used in said freezers and further prayed that upon final hearing that defendants be enjoined from using said freezers or the equipment which plaintiffs had paid for and for all other and equitable relief to which plaintiffs may be entitled.

The case was tried on its merits by the Common Pleas Court resulting in a finding. that plaintiffs were not entitled to equitable relief and in a judgment in favor of the defendants and against the plaintiffs.

Thereafter an appeal on questions of law and fact was prosecuted by plaintiffs to the Court of Appeals of Richland County, being Case No. 719 on the docket of said court.

Under Ohio law, where such an appeal is taken, the cause is tried de novo in the Court of Appeals. 3 Ohio Jur.2d 255, § 353.

The Court of Appeals on January 25, 1954, after hearing the case on the merits, found that plaintiffs had entirely failed to sustain their action for injunction or equitable relief and entered judgment in favor of defendants against the plaintiffs.

No appeal was prosecuted by plaintiffs to the Supreme Court of Ohio in the manner provided for by Ohio law and the judgment of the Court of Appeals has become final.

A comparison of the petition filed in the Common Pleas Court of Richland County with the complaint in this Court indicates that the causes of action set forth in the petition and complaint are

substantially identical. They each seek to enforce the written agreement of February 9, 1950. In both actions plaintiffs sought to collect royalties from defendants claimed to be owing under the written agreement. The prayers, however, were different. The petition prayed for an accounting, injunction, and for equitable and other relief and the complaint in this Court prayed only for damages for the royalties owing under the agreement.

The effect on the defendants would certainly be the same whether they were compelled to pay the royalties in an accounting action or to pay them as damages in an action at law.

■ It is the cause of action set forth in a petition or complaint which is important and not the prayer. The prayer forms no part of the petition.

■ Under Ohio law, there is but one form of action known as a Civil Action, in which the same court exercises jurisdiction in equity as well as law.

■ All that is necessary is that the petition set forth the cause of action in ordinary and concise language. If the proof sustains the allegations of the petition, it is the duty of the Court to grant the relief to which plaintiff is entitled whether legal, equitable or both.

In the recent case of Baccelieri v. Heath, 1953, 158 Ohio St. 481, 110 N.E. 2d 130, 133, the Supreme Court of Ohio held:

"Pertinent to the instant case is the language of the opinion in Coward v. Clanton, 122 Cal. 451, 453, 55 P. 147, 148, where the following statement is made:

" 'The fact that the relation is wrongly averred to be that of partners is not material. If a case is stated which entitles the plaintiff to relief, it matters not that the contract which is correctly set out is wrongly called a contract of partnership. I do not understand the suggestion that the court has no jurisdiction to compel an accounting un-less a partnership was created. If plaintiff has a cause of action of which the court has jurisdiction, and it is necessary to have an accounting to determine his rights, it will be done. San Pedro [Lumber] Co. v. Reynolds, 121 Cal. 74, 53 P. 410. Whether the facts would have given jurisdiction to a court of equity is of no consequence. We have no such courts, but our courts afford the remedies to which the facts may show the parties are entitled, whether legal or equitable.'

"Such statement is in accord with the practice prevailing in Ohio, where under the Code of Civil Procedure, Section 11238, General Code, there is but one form of action, denoted a civil action. The same court exercises jurisdiction in equity as well as at law, and equitable or legal relief, or both, may be administered in any case where the matter pleaded and the facts developed call for such relief.

"In the case of Davenport v. Widow and Heirs at Law of Sovil, 6 Ohio St. 459, 462, this court said that, where in an action the petition contains a prayer for alternative and general relief, a court having jurisdiction of the subject matter is 'restricted to no particular mode or measure of relief, but will be entirely at liberty to adapt either to what may be demanded by the particular circumstances of the case, as they may be developed.'

"The case of Elliott v. Murphy Timber Co., 117 Or. 387, 393, 244 P. 91, 92, 48 A.L.R. 1043, 1046, involved an action for an accounting. Plaintiff contended that under the contract in issue he and the defendant were joint adventurers and that the rules governing partnership cases applied. Defendant insisted that the relationship between the parties was that of employer and employee and that the rules applicable to an accounting between partners had no place in the action. In dis-

posing of the question the court said in its opinion:

" 'Whatever their relation may have been, their rights and liabilities rest upon their agreement, and where a contract provides as this does, for payment by one party to another of profits received, it is the duty of the one receiving such profits to account to the other, for otherwise there would be no way by which such party could determine whether there were any profits. The duty to account arises whenever one party is in possession of profits to which another person is entitled to share, regardless of what their relationship may have been at the time the profits were earned. When an employer has received profits in which, by the terms of his contract, an employee is entitled to share, it is as much his duty to account to the employee, as it would be if the relation of partners or joint adventurers existed between them.'

"Compare Nelson v. Abraham, Cal. App., 167 P.2d 801, affirmed 29 Cal. 2d 745, 177 P.2d 931.

"We are not now concerned with what may develop on the trial of this action, but we are of the opinion that the trial court was in error in summarily dismissing plaintiff's petition and in rendering judgment against him, and that the Court of Appeals erred in affirming such judgment. Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for further proceedings."

■ If plaintiffs were dissatisfied with the judgment of the Court of Appeals rendered on January 25, 1954, they should have prosecuted an appeal to the Supreme Court of Ohio. It must be presumed that the Court of Appeals gave to plaintiffs the relief to which they were entitled. By not taking an appeal to the Supreme Court, plaintiffs have acquiesced in the judgment of the Court of Appeals.

In Schram v. Cincinnati, 105 Ohio St. 324, 137 N.E. 868 the Court held:

"Where a suit at law for damages pleads one cause of action involving two elements of damage, and issue is joined thereon and trial had, and upon such trial the court rules that one of the elements is proper, and erroneously rules that the other is improper and not a basis of recovery, and withholds evidence of same from the jury, and instructs the jury to limit its inquiry to one element only, and judgment is entered for plaintiff on one element only, and error is not prosecuted therefrom, the doctrine of res adjudicata applies."

Instead of pursuing their remedy in the Supreme Court plaintiffs filed their complaint in this Court, seeking to recover the royalties as damages instead of by way of accounting which was denied them in the state court.

It is difficult to perceive how damages may be collected for breach of the same agreement concerning which another court has denied an accounting.

■ The District Court has no appellate jurisdiction to revise or reverse the judgment of a state court of appeals. Certainly, it ought not to do so indirectly under the guise of enforcing a different remedy for breach of the same agreement which the Court of Appeals refused to enforce in the accounting action.

■ In Golden v. Mascari, 63 Ohio App. 139, 25 N.E.2d 462, the plaintiff, after failing in an equitable action for accounting and division of partnership assets, brought a second action to recover money for work and labor.

The Court held:

"A mere change in the theory of a cause of action is not sufficient to prevent the application of the doctrine of res judicata.

"A party to an action for accounting, against whom judgment is entered by a court of competent jurisdiction, on the ground that the facts did not show a partnership as alleged, cannot successfully bring an-

other suit on the theory of quantum meruit against the same party, involving the same subject-matter and breach."

In Petitt v. Morton, 11 Ohio Law Abst. 168 the Court held:

"Where it appeared from the opening statement of counsel for the plaintiff that the plaintiff had already obtained an injunction, reformation and specific performance of a lease, a verdict was properly directed for the defendant, as the judgment in that action is conclusive on the question of damages since they might have been obtained in the former action."

See also: Quinn v. State ex rel. Leroy, 118 Ohio St. 48, 160 N.E. 453; Strangward v. American Brass Bedstead Co., 82 Ohio St. 121, 91 N.E. 988; Hixson v. Ogg, 53 Ohio St. 361, 42 N.E. 32; Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 1944, 141 F.2d 396.

■ Plaintiffs claim that the denial to them of equitable relief by the Court of Appeals left them free to pursue an action at law.

There was no such reservation in the journal entry of the Court of Appeals. The denial of equitable relief was not on technical grounds such as failure to make tender in an action for specific performance.

Here, accounting was denied to plaintiffs, after hearing, on the merits of the case in the Common Pleas Court and also in the Court of Appeals.

■ Under Ohio law, it was the duty of the courts to grant plaintiffs the relief to which they were entitled under the evidence whether legal, equitable or both. Baccelieri v. Heath, supra. It had full and complete jurisdiction to do so.

If the Court of Appeals failed to grant such relief, as plaintiffs now contend, their remedy was an appeal to the Supreme Court of Ohio. Article 4, § 2, Constitution of Ohio, 3 Ohio Jur. 2d 117, § 239 et seq.

■ By failing to appeal, plaintiffs have allowed the judgment of the Court of Appeals to become final. The judgment operates as res judicata not only to the issues *actually* decided, but also as to those issues which *might* have been determined. Runyan v. Great Lakes Dredge & Dock Co., supra.

■ Since plaintiffs owned no patent on the freezers, the royalty stipulated for in the agreement in reality was rent for the use of the machines. Plaintiff's claim for royalty or rent after termination would seem to be inconsistent with their surrender of ownership in the freezers to the defendants.

Plaintiffs have since given a license to a third person for another Dari-Delite store in Richmond County.

It follows that plaintiffs are not entitled to maintain this action against the defendants.

This memorandum is adopted as Findings of Fact and Conclusions of Law. An order may be prepared dismissing the complaint.