**ELLA RICKLES, Plaintiff**

**v.**

**ANSELMO PHILLIPS, and all other persons unknown having or claiming an interest or estate in the property known as No. 14 of Estate Altona and Welgunst, St. Thomas, Virgin Islands, Defendants**

Civil No. 160-1965

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

June 10, 1965

HARRY DREIS, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

JOHN L. MADURO, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

FARRELLY, *Municipal judge*

## MEMORANDUM OPINION

This matter came on for hearing on a motion of plaintiff for partition or, in the alternative, for a sale of the premises and a pro rata distribution of the proceeds, and on a cross-motion by defendant Anselmo Phillips for dismissal of the action on the theory that this court lacks jurisdiction over the subject matter of this suit, Rule 12(b)(1), Fed. R. Civ. Proc., as amended.

At the outset, the issue of the jurisdiction of the Municipal Court after March 1, 1965, to entertain the within action, was raised, both by counsel for defendant and by the court itself. The question of jurisdiction is a matter that is to be settled first, either on motion of any party to the proceeding or by the court itself, Alton v. Alton, 21 V.I. 282, 121 F.Supp. 878, (D.C.V.I. 1958) affmd., 2 V.I. 600, 207 F.2d 667 (3rd Cir. 1954), vacated on other grounds, 347 U.S. 610 (1954). Jurisdiction is the authority under the law to hear a case and render judgment or decree therein, In Re Allen, 1 V.I. 212 (D.C.V.I. 1929). Since a court has jurisdiction to determine its own jurisdiction, Treineis v. Sunshine Mining Co., 308 U.S. 66 (1939), this is the threshold issue. Plaintiff contends that the court has jurisdiction under the expanded grant given by 4 V.I.C. § 74, subsection 1, as amended, effective March 1, 1965. That section reads as follows:

"Section 74. Concurrent jurisdiction

"The municipal court has original jurisdiction concurrently with the district court:

"(1) of all civil actions wherein the matter in controversy exceeds the sum or value of $500, exclusive of interest and costs, but does not exceed the sum or value of $10,000, exclusive of interest and costs;".

On the other hand, defendant Anselmo Phillips contends that subsection 3 of the aforesaid section limits the jurisdiction of the court in matters relating to real property only to those involving "forcible entry and detainer."

Subsection 1 speaks of *all civil actions* wherein the matter in controversy exceeds the sum or value of $500 but does not exceed the sum or value of $10,000. In order that the motion of defendant be granted, two conclusions would have to be drawn: that an action in partition is not a civil action; or if it is, that the sum or value exceeds $10,000.

■■ Rule 21, *Rules Governing the Municipal Court*, as amended June 4, 1965, abolished the distinction between actions at law and in equity. Cf., Rule 2, *Federal Rules of Civil Procedure*, as amended. Since the jurisdictional grant involved here speaks of all civil actions, the question next arises whether an action in partition is a civil action within the intendment of subsection 1. I believe it is. In a general sense, civil actions include actions at law, suits in chancery, and other judicial controversies in which the rights of property are involved, 7 Words and Phrases, *Civil Actions*, 332, citing Lamson v. Hutchings, 118 Fed. 321, 323. More precisely, an action in partition is a civil action and not a special proceeding, Mitchell v. Crain, 161 N.E.2d 80 (Ohio 1958). I agree with this proposition, bearing in mind particularly the abolition of the distinction between actions at law or in equity. Cf., 1A Moore, Federal Practice, PO. 157 [4–5].

Having decided that an action in partition is a civil action, I next consider the question as to the jurisdictional

259

sum. See, revision note, 28 V.I.C. § 281. The sum or value of the matter in controversy alleged in the complaint of plaintiff is $3,107. I find that this is the sum or value of the matter in controversy.

 Since this sum or value exceeds $500 but does not exceed $10,000, and since I have decided that this action is a civil action within the jurisdictional grant of 4 V.I.C. § 74(1), I conclude that this court has jurisdiction to hear the case and render judgment or decree. Accordingly the cross-motion of defendant for dismissal of the action owing to lack of jurisdiction is denied. An appropriate order, consistent with this opinion, will be entered.