SYLVIA HOMER, Plaintiff

v.

ELIZABETH CRANE LORILLARD,[1]

EVERETT RICHARD and

RAY B. SAUNDERS, Defendants

Civil No. 545-547-1966

Municipal Court of the Virgin Islands

Div. of St. Croix

December 20, 1967

---

[1] See, also, 6 V.I. —645

---

YOUNG & ISHERWOOD (JAMES H. ISHERWOOD, ESQ.), Christiansted, St. Croix, Virgin Islands, *for plaintiff*

DUDLEY, BROWN & BRYANT (DOUGLAS E. BROWN, ESQ.), Christiansted, St. Croix, Virgin Islands, *for defendants*

JOSEPH, *Judge*

## OPINION

Plaintiff has filed herein her complaint alleging, in substance, that she entered into a written contract for the purchase of certain real estate from defendants Lorillard and Richard; that said property had previously been shown to her by defendant Saunders as real estate agent; that all defendants represented to her that the said property ran across the face of the hill on which it was located, with a small strip of land at the right side of the plot running down the hill; that pursuant to the terms of the contract and solely in reliance upon the said representations, she paid defendants the sum of $2,000 by check made payable to defendant Saunders as a down payment on the said property; that she purchased the property solely for the purpose of residing thereon and building another house there for rental purposes; that defendant Richard also represented that there was sufficient room to build a house next to the house on the property; that she subsequently discovered that the property did not lie as represented to her and that the property shown to her as that being purchased was not "completely owned" by defendants; that she is ready and willing to accept a deed for the property as represented but defendants are unable to convey, as they do not own it all.

Plaintiff also alleges, as a second cause of action, that she incurred damages in the amount of $900 by virtue of the representations of defendants. By way of relief plaintiff asks that the sales agreement be cancelled and that defendants be ordered to return to her the sum of $2,000 paid on said agreement and, secondly, that defendants be adjudged liable for $900 as damages, both claims with interest. The complaint also contains a prayer for costs and attorney's fees and for general relief.

Defendants have filed a motion to dismiss as to all defendants, alleging by supporting memorandum, (1) that the relief sought is equitable, (2) that the Municipal Court is without jurisdiction of suits in equity except writs of injunction or relief heretofore available by mandamus, and (3) that defendant Saunders is not a proper party defendant as he was acting as agent for defendants Lorillard and Richard. A memorandum in opposition has been filed by plaintiff.

Treating defendants' contentions in order, it does not appear that plaintiff's first cause of action is a matter cognizable only by courts of equity. The theory of plaintiff's action is, according to the complaint, that she agreed to purchase certain land shown to her and defendants have rescinded the contract in that they are unable to perform it because they do not own all of the land. She asks in the first count that the agreement be "cancelled" and for restitution of the money she paid pursuant to it. In the second count she prays for damages she incurred in obtaining the money to meet her contractual obligations.

■ Plaintiff has made no allegation of fraud or bad faith. She merely states that representations were made by defendants which she later discovered to be untrue. The fact that plaintiff asked for "cancellation" of the contract is not controlling in determining the nature of the remedy sought.

In the case of Buzard v. Houston, 1886, 119 U.S. 347, plaintiff sought the annulment of an assignment of a contract for the sale of cattle and the reinstatement of a contract. The court found that a court of law, in an action for deceit, could afford a full, adequate and complete remedy, stating at page 352:

"* * * a suit in equity to enforce a legal right can be brought only when the court can give more complete and effective relief,

in kind or in degree, on the equity side than on the common-law side; as, for instance, by compelling a specific performance, or the removal of a cloud on the title to real estate; or preventing an injury for which damages are not recoverable at law * * * ; or where an agreement procured by fraud is of a continuous nature, and its recission will prevent a multiplicity of suits * * *.

"In cases of fraud or mistake, as under any other head of chancery jurisdiction, a court of the United States will not sustain a bill in equity to obtain only a decree for the payment of money by way of damages, when the like amount can be recovered at law in an action sounding in tort or for money had and received."

The same principles were set forth in Wenzel & Henock Const. Co. v. Metropolitan Water District, D.C. Cal., 18 F.Supp. 616, as follows:

"But whether a cause of action is legal or equitable does not depend upon the form adopted, or the name which the pleader may have given to it. It depends upon the facts pleaded or the remedy sought. If the facts pleaded are such that their determination depends upon the application of the principles of equity, jurisprudence, the action is equitable. If the remedy sought calls for the exercise of the powers which only a chancellor can exercise, the cause of action is, likewise equitable. * * * To call for the intervention of a court of chancery, it is still necessary * * * to allege special equitable grounds. * * *

" * * * *

"Courts of equity have declined repeatedly to exercise jurisdiction in cases of fraud where relief could be obtained at law. And this, despite the fact that recovery at law could not be had without the court defeating or annulling, upon the ground of fraud, some preliminary instrument, such as a deed, agreement, release, settlement or the like."

Extremely careful and detailed consideration was given to the history, nature and application of the remedy in cases such as the case at hand in Philpott v. Superior Court in and for Los Angeles County, Cal., 1934, 36 P.2d 635. In that case also the question for determination was whether such an action is legal or equitable. The court noted:

565

"The far reaching importance of this inquiry is seen when it is remembered that the jurisdiction of both the appellate and the trial court is directly affected by the answer thereto."

There plaintiff had entered into a contract for the purchase of corporate stock, and paid $625 pursuant thereto. He filed suit alleging that he had been induced to enter into the contract by fraudulent misrepresentation of material facts and that he had, upon discovering the fraud, rescinded the contract. He asked for the return of the $625 with interest and costs and for general relief. The court, sitting in banc, found that equity did not have jurisdiction as a full, adequate and complete remedy existed at law. The nature of the legal remedy, where the plaintiff has elected to waive the tort and sue for recovery of the money paid rather than for damages suffered from the tort, was held to be on the promise implied by law to return the money. This promise is implied upon the equitable principle of preventing unjust enrichment but the action is at law for assumpsit under the common counts of money had and received, and is an action ex contractu.

The holding in Philpott was summarized by the author of the decision, Justice Preston, in another case decided by that court on the same day, McCall v. Superior Court, 36 P.2d 642, as follows:

" * * * where a party to an executory contract parts with his money or goods as the result of fraudulent representations as to material elements of the transaction, he has an election of remedies, one of which is to waive the tort, rescind the contract, and sue in assumpsit, upon the promise implied by law, for a return of the consideration paid, and where the defrauded party parts with his money or with his goods under such fraudulent inducement and has received nothing of value therefor, he may sue on the common count of indebatatus assumpsit or quantum valebant in assumpsit, as the case may suggest."

Where the wrong tract of land or the wrong boundary lines have been pointed out to the purchaser by the

566

vendor or his representative the purchaser usually is held entitled to recission as he is in cases of fraud. Corbin on Contracts, Vol. 3, § 604, p. 633, n. 83; Ehrenzeller v. Chubb, Pa. 1952, 90 A.2d 286.

 It is clear that the relief sought here is legal, as a court of equity could grant no greater relief. This is not a case where the court has been asked to rescind a deed which has been recorded. The court, in an action at law, can annul the preliminary agreement for the sale of land, and award a money judgment for the recovery of the purchase price paid. This is the full extent of the relief sought by the first cause of action. The second cause is also clearly legal in nature and effect.

In view of this conclusion it may not be necessary to answer the second question, namely, whether the Municipal Court has jurisdiction, within its monetary limits, of suits in equity. Since, however, the defendant may by answer make a defense on equitable grounds, it would seem that the issue should be met at this time.

 The Municipal Courts were created by the enactment by the Legislature on May 16, 1957, of the Virgin Islands Code, 4 V.I.C. § 2. These courts were created as courts of record and replaced the police courts under the 1921 Codes. The jurisdiction of the police courts did not extend to actions involving title to real property, actions for false imprisonment, libel, malicious prosecution, criminal conversation, seduction, actions of an equitable nature, or admiralty causes. 4 V.I.C. § 73, historical note and table on page 280, Vol. I. These limitations imposed upon the police courts have never been applicable to the Municipal Courts established by the Code or to the new single Municipal Court for the Virgin Islands created by the amendment of February 8, 1965. See the historical note to Title 28 V.I.C. § 281 which, under the heading, "Jurisdiction of

property actions generally," refers to the provision of the 1921 Codes that police courts have no jurisdiction in cases where title to real estate is in question, and states:

"These limitations on the jurisdiction of the former police courts do not apply to the new Municipal Courts, which are courts of record.

"The jurisdiction of the district court and the municipal courts in actions relating to property will be determined by the amount in controversy as in other civil actions under sections 32, 73, and 74 of Title 4."

See also 5 V.I.C. App. IV, Rules 7 and 21, which provide, respectively, that: "The practice and procedure in the Municipal Court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary," and "There shall be one form of action to be known as a 'civil action'." The language of Rule 21 of the Municipal Court Rules is the exact language of Rule 2 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, which is preceded by the rule which eliminates the procedural distinction between law and equity, Rule 1, 5 V.I.C. App. I. Section 25 of the Revised Organic Act of the Virgin Islands, approved July 22, 1954, Vol. 1, V.I.C. cxxiv, provides that the Federal Civil Rules shall apply to the District Court of the Virgin Islands and to appeals therefrom. The District Court, by § 23 of the Revised Organic Act, is given authority to establish rules for the Municipal Courts. Pursuant to this authority the Municipal Court Rules were adopted by the District Court by Order of Adoption dated December 18, 1956, and by Amendatory Order dated May 28, 1957. See 5 V.I.C. App. IV, p. 239, Vol. 2. In the Order of Adoption signed by Judge Moore, District Judge, it was stated that the new rules were to be forthwith applicable to all matters then within the jurisdiction of the police courts, "and that with respect to *all matters not now within the jurisdiction of*

*the said police courts, but to be within the jurisdiction of the new Municipal Courts as contemplated in the new code,* that these rules shall become applicable upon the passage and approval of the new code into law, and upon the said matters coming within the jurisdiction of said courts." [Emphasis supplied]

 Thus it is clear that the Legislature, in enacting the Virgin Islands Code, as it was empowered to do by the Organic Act of 1936 and the Revised Organic Act of 1954, established a new court (originally the two Municipal Courts) called the Municipal Court of the Virgin Islands, with full and complete local jurisdiction concurrently with the District Court in all civil matters within its monetary jurisdiction, including all cases formerly cognizable in equity as well as at law. As was said in Lyons v. American Legion Post No. 650 Realty Co., 1961, Ohio, 175 N.E.2d 733, 92 A.L.R.2d 492:

"Ordinarily, it is for the Legislature to determine who may sue or be sued so long as it does not interfere with vested rights, deny any remedy, or transgress constitutional limitation. As a general rule, every state has control over the remedies it offers litigants in its courts. It may give a new and additional remedy as to a right or equity already in existence and it may abolish old remedies and substitute new."

Furthermore, as stated in German v. German, Conn. 1936, 188 A. 431: "The Legislature can create equitable rights and provide equitable remedies as well as it can those cognizable in the law courts." In Alton v. Alton, 2 V.I. 600; 207 F.2d 667, vacated as moot on other grounds, 3 V.I. 699, 347 U.S. 610, the court said that the jurisdiction of local courts is a proper subject for local legislation. See also Lee v. Lee, 1958, Conn. 143 A.2d 154.

 The question of equitable jurisdiction raised by the motion to dismiss filed in the instant case is not a matter of first impression in the Virgin Islands. Judge Far-

relly, in the case of Rickles v. Phillips, 5 V.I. 257, determined that the Municipal Court has Jurisdiction in an equitable action for partition of real estate. In the Rickles case and in Lamson and Hutchings, 118 Fed. 321, cert. den. 189 U.S. 514, it was stated that "civil action" includes actions at law, suits in chancery, and other judicial controversies in which rights to property are involved.

 The term "civil action" has also been defined as including both actions at law and suits in equity by 1 Am. Jur., Actions, § 41, and Re Wyckoff, 1957, Ohio, 142 N.E.2d 660, 66 A.L.R.2d 653, 657. In Gillson v. Vendome Petroleum Corp., 35 F.Supp. 815, it was stated: "The term 'civil action' embraces, from its natural import, every species of 'suit' not of a criminal kind, and comprehends every conceivable cause of action, whether legal or equitable, except such as are criminal, in the sense that the judgment may be a fine or imprisonment, etc." Another case to the same effect is Dari-Delight v. Clenkner, N.D. Ohio, 1957, 147 F.Supp. 838, in which the court stated: "Under Ohio law, there is but one form of action known as a Civil Action, in which the same court exercises jurisdiction in equity as well as law." There the court quoted extensively from the case of Baccelieri v. Heath, 1953, 158 Ohio St. 481, 110 N.E.2d 130, which case in turn quoted from the case of Coward v. Clanton, Cal., 55 P. 147, 148, as follows:

" * * * 'Whether the facts would have given jurisdiction to a court of equity is of no consequence. We have no such courts, but our courts afford the remedies to which the facts may show the parties are entitled, whether legal or equitable.'

"Such statement is in accord with the practice prevailing in Ohio, where under the Code of Civil Procedure, Section 11238, General Code, there is but one form of action, denoted a civil action. The same court exercises jurisdiction in equity as well as at law, and equitable or legal relief, or both, may be administered in any case where the matter pleaded and the facts developed call for such relief."

Upon the basis of the foregoing authorities it cannot be questioned that the term "civil action" is universally construed to include both actions at law and suits in equity.

■■■■■ Defendants, in their memorandum in support of their motion to dismiss, have advanced the proposition that 4 V.I.C. § 74, "does not grant to the Municipal Court equitable jurisdiction in any matter except as to writs of injunctions or relief heretofore available by mandamus." Presumably the theory behind this contention is the maxim *expressio unius est exclusio alterius*, or that the mention of one thing implies the exclusion of another. This maxim, however, is not universal, but of limited use and application. It is an aid to construction, not a rule of law. It is applicable only under certain conditions and "its application should produce a rational interpretation, and support a policy which may be reasonably supposed to have dictated the enactment. * * * Under these rules, it has been held that a statutory definition of a term 'including' certain things does not necessarily put a meaning thereon limited to the inclusion." 50 Am. Jur., Statutes, § 245, p. 240. The rule is applied to assist in arriving at the real intentions of the lawmakers, where such intention is not manifest and only for such purpose. It may not be used to defeat or override clear and contrary evidence of legislative intent.

In Robb v. Ramey Associates, 1940, Del., 14 A.2d 394, a "guest statute" releasing the owner or operator of an automobile from liability for negligent injury to his guests provided that "the provisions of this section shall not release a public carrier or any owner or operator of a motor vehicle, while the same is being demonstrated to a prospective purchaser, of responsibility for any injuries sustained by a passenger being transported by such public carrier or by such owner or operator." Plaintiff sued for damages for injuries she sustained while being driven by defendant,

a cemetery lot salesman, to look at a lot which he was attempting to sell to her. The suit was founded on negligence. Defendant demurred to the declaration asserting that plaintiff was a guest under the statute and urged that under the maxim *expressio unius est exclusio alterius* the exclusion of automobile demonstrators from the statute would imply the inclusion of cemetery lot salesmen. The court ruled otherwise, stating:

"The maxim, like all rules of construction, is applicable under certain conditions to determine the intention of the lawmaking body when it is not otherwise clear; but it would never be permitted to defeat the plainly indicated purpose of the legislature. Great caution is required in the application of the maxim. It is not a rule of universal application, but is to be applied only as an aid in arriving at intention, and not to defeat the apparent intention. Considerations of injustice, unreasonableness or absurdity are not to be ignored. The mention of one thing is not to be held exclusive when the context shows a different intention; and the maxim does not apply to a statute the language of which may fairly comprehend many different cases, in which some only are mentioned expressly by way of example, and not as excluding others of a similar nature. [Citations omitted]."

That this maxim has no application here is obvious for a number of reasons:

1. The language of the Code giving the Municipal Court jurisdiction of "all civil cases", 4 V.I.C. § 74, is clear and unambiguous. It is therefore not open to construction or interpretation. 50 Am. Jur., Statutes, § 225, pp. 240, 205. As was said in Osaka Shosen Line v. U.S., 300 U.S. 98, p. 101, "Where the words are plain there is no room for construction", and, "if the language be clear, it is conclusive." Braffith v. People, 1 V.I. 582, 26 F.2d 646.

2. The intention of the Legislature to create a court of record, having general jurisdiction in both law and equity within its monetary limits concurrently with the District Court is manifest both from the plain language

of the statute and from the comments made by the editors of the law as set forth in the historical notes to the Code quoted above.

██ ██ 3. A judicial interpretation that the Legislature intended to confer upon the Municipal Court the highest powers of the courts of law and equity, i.e., relief heretofore available by mandamus and injunction, and to deprive the court of ordinary equitable powers, such as to hear and determine cases of specific performance, recission of deeds, etc., would be absurd and incongruous. Ford v. United States, 273 U.S. 593, and Robb v. Ramey, supra. Injunction and mandamus are extraordinary remedies. United States v. Malmin, CA 3d, 1921, 1 V.I. 512, 519, 520; Reliable Transfer Co. v. Blanchard, CA 5th, 145 F.2d 551; Maryland v. Soper, 270 U.S. 9, 29; 34 Am. Jur., Mandamus, §§ 1, 12; 28 Am. Jur., Injunctions, § 3, and have been said to constitute the "strong arm of the law", Reliable Transfer Co., supra.

4. Valid and compelling reason existed for specifically conferring jurisdiction upon the Municipal Court of all actions for writs of injunction or for relief formerly available by mandamus. Not to have done so could have led to confusion and doubt as to the jurisdiction of a territorial court, whose powers are derived from the Legislature acting under authority which comes from Acts of Congress, in such matters. Alton v. Alton, supra.

The extraordinary remedy of mandamus has long had different treatment in the federal than in the state courts, and inferior federal courts do not have jurisdiction in original cases of mandamus. As was said by Judge Day in Covington v. Cincinnati Bridge Co., 203 U.S. 109:

"It has been too frequently decided in this court to require the citation of cases that the Circuit Courts of the United States have no jurisdiction in original cases of mandamus, and have only power to issue such writs in aid of their jurisdiction in cases already

573

pending, wherein jurisdiction has been acquired by other means and by other process." p. 110.

See also the discussion contained in 34 Am. Jur., Mandamus, § 17, p. 817.

Section 81 (b) of the Federal Rules of Procedure, 5 V.I.C. App. I, provides, insofar as matters in aid of jurisdiction are concerned:

"The writs of scire facias and mandamus are abolished. Relief heretofore available by mandamus or scire facias may be obtained by appropriate motion under the practice prescribed by these rules."

Accordingly, mandatory injunctions have been substituted for writs of mandamus in Federal courts, where appropriate. See 5 V.I.C. § 1361, which confers upon the District Court of the Virgin Islands jurisdiction to issue mandatory orders.

Since the Municipal Court is a court exercising strictly local jurisdiction, that is, over laws of the Territory, and not over federal laws, the authority of the Municipal Court to issue mandatory orders or injunctions in original cases, whether in aid of jurisdiction or not, was specifically conferred by the Legislature in order to avoid confusion and doubt.

This brings us to the third and final question raised by defendants: Is defendant Saunders, a real estate agent, a proper party to the action? The answer must be in the affirmative. Rule 20, Federal Rules of Civil Procedure, 5 V.I.C. App. I, made applicable to the Municipal Court by Rule 7, Rules Governing the Municipal Courts, 5 V.I.C. App. IV, provides in pertinent part:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * *"

Rule 21 of the Federal Rules, supra, provides:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court or motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

■ Here plaintiff has asserted misrepresentations by all three defendants in the course of the same transaction. There has been no assertion as to liability of the three defendants or as to the right to relief against them except for the prayer for judgment. Therefore, if there is any basis upon which relief may be afforded against a party defendant he should not be dropped as a party, at least until the facts and law developed during the course of the trial are such as to relieve him of liability.

■ ■ There is such a basis for relief against the defendant, Saunders, in this case. Although it is true that a suit to recover money paid to an agent upon the ground that the contract was subsequently breached by the principal must be brought against the principal and not the agent, Garrison v. Edward Brown & Sons, Cal. 1944, 154 P.2d 377, 382; 2 Am. Jur., Agency, § 436, a different rule applies where the money is paid to the agent through fraud or mistake. In such a case, the person who has paid the money is entitled to recover from the agent, unless the agent has turned over the money to his principal or otherwise changed his position. Weiner v. Roof, Cal. 1942, 122 P.2d 896; McWhinney v. Ewers, Cal. 1931, 297 P. 42, 44.

This rule is stated by the Restatement of the Law of Agency, 2d, as follows:

"An agent who has received things from another for a disclosed or partially disclosed principal in a transaction conducted by him has a duty to return them or their proceeds if the other rescinds the transaction for a cause existing at the time of their receipt, to the extent that the agent has not, before notice of recission and in good faith, changed his position."

Recovery against the agent is based on the theory of unjust enrichment. Weiner v. Roof, Cal. 1937, 74 P.2d 736. See also Restatement, Restitution, § 24(h) ; C.J.S., Agency, § 217; C.J.S., Money Received, § 23.

On the basis of the foregoing it is my opinion that the Motion to Dismiss should be denied.