**GOVERNMENT OF THE VIRGIN ISLANDS
IN THE INTEREST OF DELORES MILLER, A Mental
Incompetent**

Family No. 10/1977

Territorial Court of the Virgin Islands

Div. of St. Croix

July 28, 1977

KATHLEEN COLEMAN, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for government*

WINSTON A. HODGE, ESQ., Christiansted, St. Croix, V.I., *Guardian ad litem*

SILVERLIGHT, *Judge*

This matter was instituted by the Government of the Virgin Islands (hereinafter "Government") in the interest of Delores Miller, an incompetent, on a "Motion for Hearing on Request for Sterilization of Mental Incompetent," supported by an affidavit alleging various mental and medical infirmities, together with a "Motion for Appointment of Guardian Ad Litem."[1]

---

[1] The motion for hearing on request for sterilization of mental incompetent is set forth at length as follows:

"COMES NOW, the Government of the Virgin Islands by and through KATHLEEN N. COLEMAN, Assistant Attorney General, and requests this

Pursuant to these motions, this Court appointed a Guardian ad litem and directed the Government and the Guardian ad litem to submit memoranda addressed to the issue of this Court's jurisdiction in the matter.

The requested memoranda have been submitted by the Government and by the Guardian ad litem to each of whom the Court expresses its thanks for a thorough and searching examination of the issue which has been of substantial assistance to the Court in its effort to determine the matter.

Subsequent to the receipt of the aforesaid memoranda, oral argument was had on the issue of jurisdiction, at which time the Court reserved decision on the matter for the express purpose of writing a memorandum opinion, since this appeared to be a case of first impression in the Virgin Islands.

Parenthetically, it should be noted that the Court advised the parties that it would deny the Government's motion by reason of lack of jurisdiction of the Court, the basis of which it would articulate in its memorandum opinion.

 There are two basic approaches which may be utilized in reaching the conclusion which this Court has reached, to wit: a lack of subject matter jurisdiction. Under ordinary circumstances, the Court would dispose of the issue by applying only the simplest of the approaches and would leave untouched the remaining possibilities, but because of the importance of the issue involved, and the fact

---

Honorable Court to set a date for a hearing to determine whether DELORES MILLER, a mental incompetent, should undergo medical procedures for sterilization."

The motion for appointment of Guardian ad litem is set forth at length as follows:

"COMES NOW, the Government of the Virgin Islands, by and through KATHLEEN N. COLEMAN, Assistant Attorney General, and respectfully requests this Honorable Court to appoint counsel as guardian ad litem to represent the interests of DELORES MILLER, a mental incompetent, during a hearing to determine whether DELORES MILLER should undergo medical procedures for sterilization."

that this appears to be a case of first impression, it will deal with all approaches.

■ There is no doubt that the Territorial Court has equitable jurisdiction for the reason that all matters in this jurisdiction are either "civil" or "criminal." Civil actions include all equitable matters as well as legal matters which are not criminal in nature. Rule 2, F.R.C.P. and Rule 21, Rules of the Territorial Court of the Virgin Islands; Rickles v. Phillips, 5 V.I. 257 (1965); Homer v. Lorillard, 6 V.I. 558 (1967). The existence of general jurisdiction in equitable matters, however, is a far cry from absolute authority to act.

■ Jurisdiction may be based on an exercise of the police power which would authorize the Territory to constitutionally interfere with the personal liberty of an individual and require sterilization to prevent the transmission by inheritance of such person's socially injurious tendencies, subject, of course, to the adoption of appropriate standards which meet the test of due process and equal protection. Skinner v. Oklahoma (1942), 316 U.S. 535, 62 S.Ct. 1110.

However, the exercise of the police power, of necessity, requires the enactment of a wholesome and reasonable statute directed to the protection of the public good and welfare and which establishes appropriate standards insuring equal treatment in all cases. Our research in this area has disclosed no statute in the Virgin Islands authorizing sterilization, nor has it disclosed any common law basis which could conceivably be held to constitute a substitute for such statutory standard.

On the contrary, as far back as 1955, the U.S. Attorney recognized the lack of authority of the Government to obtain sterilization of mental patients. In his opinion

numbered 1955–13 reported at 3 V.I. Op. A.G. 120, dealing with the precise question, the following statements are made:

It is my opinion that there is no legal authorization for this procedure. . . . It is my thought that this is a matter for consideration by the Legislature.

██ In any event, the general equity powers of a Court do not extend to so fundamental a natural right as that of a person to be secure in his or her ability to procreate. To hold otherwise would constitute a violation of the Ninth Amendment to the Constitution which provides in pertinent part that:

The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people.[2]

The natural right to procreation, in the absence of the commission of crime or some other compelling factor which prevents the attainment of the goal sought by a less permanent and serious method, should be considered a preferred right protected by the Ninth Amendment.

██ Furthermore, the general equity jurisdiction which is reposed in the Territorial Court by the provisions of 4 V.I.C. 76, as amended (Section 2, Act No. 3876), cannot be expanded to encompass authority not specifically granted.

One must read the general language of 4 V.I.C. 76, as amended (Section 2, Act No. 3876), authorizing this Court "to supervise and administer estates and fiduciary relations" and "to appoint and supervise guardians and trustees," in conjunction with the restrictive language of 15 V.I.C. 801 and 15 V.I.C. 841.

15 V.I.C. 801 provides that:

This district court has jurisdiction to—

---

[2] For a discussion of this position, see 21 Am.Jur. Proof of Facts, 345.

(1) grant and revoke letters of guardianship;

(2) direct and control the conduct, and settle the accounts of guardians;

(3) take the *care and custody of the persons* and estates of lunatics, and appoint and remove guardians therefor;

(4) direct and control the conduct of guardians referred to in clause (3) of this section, and settle their accounts; and

(5) order the renting, sale, or other disposal of the real and personal property of minors. (Emphasis added.)

### 15 V.I.C. 841 provides that:

(a) The district court, when it appears necessary and convenient, may appoint guardians for all insane persons, idiots, and others incapable of conducting their own affairs, who are inhabitants or residents in the Virgin Islands and also for such as reside without the Virgin Islands and have any estate within the same.

(b) The district court may appoint guardians for such persons to—

(1) take care, custody and management of the estates, real and personal, of such persons;

(2) maintain their families; and

(3) educate their children.

Only in subparagraph (3) of 15 V.I.C. 801 does one find reference to an authority to take "care and custody of the persons." 4 V.I.C. 76, as amended, is restricted to the supervision and administration of estates (real or personal to be sure) and fiduciary relations and to the appointment and supervision of guardians and trustees for those estates. Any other reading of the aforementioned statutes would render meaningless the express grant of authority to take care and custody of the person to the district court.

Such a conclusion is bolstered by the holding of the U.S. Court of Appeals for the Seventh Circuit in Sparkman v. McFarlane, 3 Fam. Law Reptr. 2330 (1977)[3] that:

---

[3] This is a case involving judicial immunity but its substance is sufficiently similar to the case at bar to assist us in our determination of the jurisdictional issue.

. . . He now bases his defense on the fact that he had jurisdiction under Indiana's general grant of jurisdiction to the circuit courts "in all cases at law and in equity."

. . . Moreover, jurisdiction for a court to order sterilization cannot be found in the common law of Indiana. Nor can any comfort be derived from the common law of other states. *In general, courts have refused to order the extreme remedy of sterilization absent specific legislative* authority.

. . . While courts ought not to be discouraged from creating innovative legal remedies to meet changing social needs, they may not use the power to create new decisional law to order extreme and irreversible remedies such as sterilization in situations where the legislative branch of the government has indicated that they are inappropriate. To hold otherwise would be to sanction tyranny from the bench. (Emphasis added.)

Similarly, in Wade v. Bethesda, 337 F.Supp. 671 (1971), in a case in which the Ohio probate court had "plenary power at law and in equity" by statute, it was held that:

There is no statute in Ohio which authorizes a judge to order sterilization for any purpose. Nor has this Court been able to discover any judicial precedent for such an order in the absence of a specific statute. . . . Indeed, in the only case where an appellate court has considered the possibility of sterilization in the absence of specific statutory authorization, the court affirmed the lower court judgment which concluded that sterilization was not within the general equity power of the court and that it was a matter to be dealt with by the legislature. Holmes v. Powers, 439 S.W.2d 579 (1968).

It is, therefore, the conclusion of this court that even if the District Court has equitable jurisdiction to order sterilization as a result of those specific grants of equitable power delegated to the District Court by the provisions of 15 V.I.C. 801, and by the language of such section reserved to it, the Territorial Court has not acquired such jurisdiction by the language of Act No. 3876.

■ But let us assume, arguendo, the existence of jurisdiction in the Territorial Court under its general

495

equity powers. Is such jurisdiction applicable in the case at bar?

An examination of the Government's motion discloses the use of the term "mental incompetent," but nowhere is there any allegation that Delores Miller, the alleged mental incompetent, has ever been adjudicated a mental incompetent nor has she been adjudicated, at any time, an insane person, idiot, or other person incapable of conducting her affairs. 15 V.I.C. 801; 15 V.I.C. 841(a).

In order to make that adjudication, it is necessary to abide by the provisions of Chapter 45 of Title 19 of the Virgin Islands Code and, more particularly, the provisions of 19 V.I.C. 1132(c) which specifically require the determination of incompetency to be made by the District Court.

From the foregoing, it is clear that the Territorial Court has no jurisdiction to proceed unless and until the issue of competency has been determined by the District Court. This position is further supported by the fact that the Government itself alleges the incompetency of the individual whom it seeks to have subjected to the sterilization procedure.

If, in fact, this person is incompetent or unable to conduct her own affairs, she cannot voluntarily consent to the acceptance of jurisdiction by the Court, or anything else for that matter, since she is deemed to suffer a disability which prohibits a valid consent.

Furthermore, at her age,[4] her parents no longer have any control of her person or property, and the Guardian ad litem appointed to act on her behalf can do no more under the law than defend the action which is now pending.

In a case of similar factual background involving a 35-year-old unmarried woman alleged to be mentally incompe-

---

[4] Delores Miller is alleged to be 25 years of age in the affidavit submitted by the Government in support of this motion.

tent, the Kentucky Court of Appeals in an opinion by Judge Palmore held,

If, as alleged and proved, the appellee is in fact mentally incompetent, she does not have legal capacity to consent to anything. Nor, at her age, does the law give her parents any control of her person or property. It may be (though we do not decide) that a legally constituted committee could exercise such a choice, but there has been no inquest and there is no committee. The guardian ad litem has, of course, only the power to defend, which he has done. And neither by statute nor from the common law does any court of this state have authority to fill the void. Holmes v. Powers, supra.

It follows, then, that a determination of incompetency is a sine qua non to the exercise of any jurisdiction by this Court.

### ORDER

For the foregoing reasons, it is

ORDERED, ADJUDGED AND DECREED that the Motion of the Government of the Virgin Islands be and same hereby is denied.