A. S. HOLMES and Whitley County Medical Society, Appellants,

v.

Allene POWERS, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1968.

Rehearing Denied May 9, 1969.

If, as alleged and proved, the appellee is in fact mentally incompetent, she does not have legal capacity to consent to anything. Nor, at her age, does the law give her parents any control of her person or property. It may be (though we do not decide) that a legally constituted committee could exercise such a choice, but there has been no inquest and there is no committee. The guardian ad litem has, of course, only the power to defend, which he has done. And neither by statute nor from the common law does any court of this state have authority to fill the void.

The judgment is affirmed.

All concur.

Eugene Siler, Jr., Williamsburg, for appellants.

J. B. Johnson, Jr., Williamsburg, for appellee.

PALMORE, Judge.

This, to say the least, is an unusual case. The appellants, county health officer and local medical society of Whitley County, seek a declaratory judgment to the effect that they can sterilize the appellee, a 35-year-old unmarried woman who is mentally retarded and has two illegitimate children (one of whom also is retarded), without civil or criminal liability to themselves. They appeal from an adjudication that they "cannot legally perform a sexual sterilization operation upon the defendant because the defendant is not mentally competent to grant permission and there is no legal authority providing for the granting of such permission in-any manner."

There simply is no escape from the conclusion reached by the trial court.