Minnie **FRAZIER**, Guardian, Appellant,

v.

Daisy **LEVI**, Appellee.

No. 15464.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

April 24, 1969.

Barker, Lain, Smith & Schwab, Elmo Schwab, Galveston, for appellant.

Ted Allmond, Galveston, for appellee.

PEDEN, Justice.

Application filed by the guardian of the person and estate of a mentally incompetent ward seeking an order authorizing an operation which would render the ward sexually sterile. There is no medical or physical necessity for the operation sought by the guardian; the application is based on social and economic grounds only.

When this cause was filed by the guardian in the County Court, a guardian ad litem was duly appointed for the ward; he filed on the ward's behalf an exception in the nature of a general demurrer, asserting that under Texas law there are no grounds upon which the application could be granted; this exception was sustained. The guardian declined to amend her petition, and her application was ordered dismissed.

She appealed from the dismissal order to the District Court, where her application was submitted on the same pleadings as in the County Court. The District Judge also sustained the ward's exception and dismissed the case; the guardian has perfected her appeal to this Court from that order of dismissal.

In her points of error the guardian alleges that the courts below erred 1) in ruling that there are no legal grounds in Texas upon which the application for sexual sterilization could be granted, 2) in sustaining the ward's exception in the nature of a general demurrer to the guardian's pleading and 3) in dismissing the guardian's application for sexual sterilization of a ward. This seems to be a case of first impression in Texas.

The trial courts' decisions were based on the pleadings as a matter of law, so we will consider as true the allegations in the guardian's application. In it she pleaded that she is the aged mother of the

ward, is in poor health and is unable to stand the physical, financial or emotional strain of caring for any more children of the ward. She and her husband are already providing for the ward and the ward's two children, both of whom are mentally retarded. The ward, age 34, has the mentality of about a six year old, is sexually promiscuous, unable to support or take care of herself or her children, but is in good physical health. No medical reason for her sexual sterilization exists, and the officials of John Sealy Hospital in Galveston have refused to have such an operation performed on the ward without the court's approval.

We overrule appellant's points of error.

▮ As a mentally incompetent person, the ward lacks the mental capacity to consent to the operation or to oppose it. Her legal rights are to be carefully protected and must not be taken from her without due process of law even though her natural mother and guardian feels that the operation would benefit all.

"Power with respect to the care and custody of persons of unsound mind and the possession and control of their estates are vested in the state, or the people thereof, the exercise of which power the people may delegate to the courts by constitutional or statutory provision. Insane persons are considered as wards of the state; and the state as parens patriae is under a special duty to protect them and their property as a class incapable of protecting themselves, as well as to protect the public from the acts of those who are not under the guidance of reason. Within constitutional limitations, the state may enact statutory provisions for the protection of such persons, which provisions must have reasonable regard for the rights of persons and property, and must be liberally construed to the end that their purpose may be effectuated. An insane person cannot be deprived of his legal rights otherwise than in the manner expressly provided by the statute,

* * *." 44 C.J.S. Insane Persons § 3, p. 48.

▮ That statutory or constitutional authority is needed to authorize the courts to approve and order such an operation is not doubted and, indeed, is not questioned by the guardian in this case. Instead, she urges that the authority of the County Court to issue the order sought is contained in Article 5, Section 16 of the Texas Constitution, Vernon's Ann.St., whereby the County Court is given the general jurisdiction of a Probate Court to appoint guardians of persons non compos mentis and transact all business appertaining to them; also in Section 36 of the Probate Code, V.A.T.S., which provides in part: "It shall be the duty of the judge of each county court to use reasonable diligence to see that personal representatives of estates being administered under orders of the court, guardians of the persons of wards, and other officers of the court, perform the duties enjoined upon them by law pertaining to such estates and wards," and in Section 229 of the Probate Code: "The guardian of the person is entitled to the charge and control of the person of the ward, and the care of his support and education, and his duties shall correspond with his rights. It is the duty of the guardian of the person of a minor to take care of the person of such minor, to treat him humanely, and to see that he is properly educated; and, if necessary for his support, to see that he learns a trade or adopts a useful profession."

We do not find in such provisions authority for the court to order the operation, and find no such authority in any other provision of the Texas Constitution or statutes.

"Although the authorities are not in complete accord, generally the courts have sustained as valid legislation providing for the sterilization of certain types of convicted criminals, criminally insane persons, and feebleminded persons. Sterilization statutes have been held to be a valid exercise of the police power, and not unconstitutional as being

in contravention of the constitutional guaranty of life, liberty, and the pursuit of happiness, or of the prohibition against cruel and unusual punishment, or as being a delegation of judicial power to an executive board, or as denying equal protection. Nor do they violate due process of law where proper notice is given followed by a hearing in which all interested parties may be heard. Moreover, a statute providing for sterilization of feeble-minded persons is not rendered invalid by failure to provide what courts shall have jurisdiction of such cases, if the court is sufficiently indicated by general provisions of the act, nor is such a statute rendered invalid by a constitutional provision that institutions for the feeble-minded shall always be fostered and supported. There is, however, authority that sterilization statutes are unconstitutional because sterilization constitutes cruel and unusual punishment. Other cases have held sterilization statutes invalid because they constitute unconstitutional class legislation, because they deny due process in failing to provide for notice to, and hearing of, the person whose sterilization is proposed, and because they violate the equal protection clause.

"It is essential to a valid order for the sterilization of a mental defective that there be a substantial compliance with the jurisdictional requirements of the statute, such as, that physicians appear before a court and be examined and that a guardian ad litem be appointed within the time specified by the statute." 41 Am.Jur.2d 570–1, Incompetent Persons, § 32.

Section 32 of the Probate Code states: "The rights, powers and duties of executors, administrators, and guardians shall be governed by the principles of the common law, when the same do not conflict with the provisions of the statutes of this State."

"It will be noted that this section of the Probate Code by its silence denies by implication the exercise by the Probate Court of equitable powers. But even if the words, 'principles of the common law,' are construed to include equitable powers, this section of the code does not grant to the court common law powers, but merely provides that the rights, powers and duties of executors, administrators, and guardians shall be governed by the principles of the common law, when the same do not conflict with the provisions of the statutes of this State." In re Guardianship of Estate of Neal, 406 S.W.2d 496 (Houston Civ.App., 1966, writ ref., n. r. e.).

Any order authorizing the operation proposed by the appellant would be in excess of the power delegated by the statutes of Texas and would be invalid.

The judgment of the Trial Court is affirmed.