**Carolyn T. WADE, Plaintiff,**

v.

**BETHESDA HOSPITAL et al.,
Defendants.**

**Civ. A. No. 70–225.**

United States District Court,
S. D. Ohio, E. D.

Sept. 8, 1971.

Edward G. Marks, Marks, Goldsmith & Weiner, Cincinnati, Ohio, for plaintiff.

Harold E. Gottlieb, Gottlieb, Johnston, & Beam, Holland M. Gary, Zanesville, Ohio, for defendants.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the motion of the defendant, Holland M. Gary, to dismiss the complaint as it relates to him for the reason that it fails to state a claim upon which relief can be granted. The motion is made pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure.

Matters outside the pleading have been presented to the Court and will be considered by the Court. These include supporting affidavits, exhibits and the answers to, interrogatories. Consequent-ly, defendant's motion shall be treated as one for summary jdugment pursuant to Rule 56, Federal Rules of Civil Procedure.

Plaintiff in this action sets forth a claim for damages in a five count complaint. Count One is based on the Fourteenth Amendment to the United States Constitution and on Title 28, United States Code, Section 1343 and Title 42, United States Code, Sections 1983 and 1985(3).

Count One alleges that the defendants entered into a conspiracy whereby they would cause the plaintiff to be sterilized in order to prevent plaintiff from bearing children. It is alleged that as part of this conspiracy defendant Holland M. Gary ordered plaintiff to submit to an operation which would insure sterilization.

As a result of the order entered by defendant Gary, plaintiff was subjected to a surgical sterilization as a result of which she will never be able to bear children. It is alleged that plaintiff has suffered extreme embarrassment, mental anguish, permanent scarring and the pain and suffering attendant on the surgical procedure.

Count Two alleges that the operation constituted an assault and battery.

Count Three alleges a deprivation of civil rights.

Count Four alleges specific acts in furtherance of the conspiracy.

Count Five alleges a deprivation of rights under the Constitution of the State of Ohio.

Defendant Gary, in his motion to dismiss, acknowledges that he is being sued for his action as Probate Judge of Muskingum County in ordering plaintiff to submit to the sterilization. It is defendant Gary's position that he is not civilly liable to the plaintiff because his judicial action was within the scope of his jurisdiction.

Plaintiff, in a memorandum in opposition to defendant's motion, recognizes the doctrine of immunity on which the

defendant relies but argues that defendant Gary was not immune from suit because he acted outside the scope of his jurisdiction. The sole issue which this Court must determine is whether or not defendant Gary acted outside the scope of his jurisdiction when he ordered the plaintiff to submit to sterilization.

■ We begin by defining the concept of jurisdiction as it is used in the context of judicial immunity. The cases are clear that the term jurisdiction means that the judge must have both jurisdiction over the person and subject matter if he is to be immune from suit for an act performed in his judicial capacity. See, Thompson v. Heither, 235 F.2d 177 (6th Cir. 1956) and cases cited therein; Ryan v. Scoggin, 245 F.2d 54 (10th Cir. 1957). A third element, however, also enters into the concept of jurisdiction as used in this context. The third element is the power of the Court to render the particular decision which was given. See, Cooper v. Reynolds, 77 U.S. 308, 316, 10 Wall. 308, 19 L.Ed. 931 (1870); National Malleable & Steel Castings Co. v. Goodlet, 195 F.2d 8 (7th Cir. 1952); City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062 (1934).

■■ A judge will not lose his immunity because of a mere error in judgment even though the resultant act be in excess of the Court's jurisdiction. Ryan v. Scoggin, *supra*; O'Bryan v. Chandler, 352 F.2d 987 (10th Cir. 1965) cert. den. 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530, rehearing den. 385 U.S. 889, 87 S. Ct. 13, 17 L.Ed.2d 123. "Excess of jurisdiction" as distinguished from entire absence of jurisdiction, means that the act, although within the general power of the judge, is not authorized and therefore void, because conditions which alone authorize exercise of judicial power in the particular case are wanting and judicial power is not lawfully invoked. Pogue v. Swink, 365 Mo. 503, 284 S.W.2d 868 (1955).

Consequently, the third element in the concept of jurisdiction as used in the context of judicial immunity necessitates an inquiry into whether the defendant's action is authorized by any set of conditions or circumstances. This inquiry begins with an examination of the statutes under which defendant Gary presumed to act.

In his order dated February 23, 1966, Judge Gary recites that the proceedings which resulted in plaintiff's sterilization commenced on an affidavit filed by the Muskingum County Child Welfare Board alleging that plaintiff was a feeble minded person within the meaning of Section 5125.24, Ohio Revised Code. Section 5125.24 had been repealed as of September 24, 1963. The current analogous provision is Section 5125.011 which defines mentally retarded. The term feeble minded is no longer defined in Ohio law and does not appear in Chapter 5125 of the Ohio Revised Code under which the proceedings conducted by defendant Gary were purportedly authorized.

Defendant Gary found his authority to order sterilization in Section 5125.30, Ohio Revised Code, and in Section 2101.24, Ohio Revised Code. Section 5125.30 provides that when the hospitals for the mentally retarded are unable to receive additional patients, "The probate judge shall then take such action and make such order as he deems necessary and advisable to provide for the detention, supervision, care, and maintenance of said mentally retarded person . . . .". Section 2101.24 sets out the jurisdiction of the probate court. Defendant Gary relied on the following language as providing authority for his order:

The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.

■ It is the determination of this Court that neither of these sections provided the defendant Gary with the authority to order plaintiff to submit to sterilization. There is no statute in Ohio which authorizes a judge to order

sterilization for any purpose. Nor has this Court been able to discover any judicial precedent for such an order in the absence of a specific statute. The Court does note that this plaintiff is not the first individual whom defendant Gary has ordered to submit to sterilization. See, In re Simpson, 180 N.E.2d 206 (Probate Ct., Muskingum County, Ohio, 1962).

Indeed, in the only case where an appellate court has considered the possibility of sterilization in the absence of specific statutory authorization, the court affirmed the lower court judgment which concluded that sterilization was not within the general equity power of the court and that it was a matter to be dealt with by the legislature. Holmes v. Powers, Civ.No. 4151 (Cir.Ct., Whitley Cty., Ky., 1968), affirmed, Ky., 439 S. W.2d 579 (Ct.App.Ky., 1968).

The Ohio legislature has been given several opportunities to enact a law which would authorize sterilization of feeble minded persons. Since 1925 none of these bills has even been reported out of committee. The fact that such bills have been proposed over the years is at least some evidence that the legislature does not believe that sterilization is presently within the power of any court. Moreover, the negative response of the legislature toward these bills is at least some evidence that a radical action like sterilization does not meet with public approval.

Because there was no set of circumstances or conditions under Ohio law which would permit defendant Gary to order plaintiff to submit to sterilization, the Court determines that defendant Gary acted wholly without jurisdiction in this matter. Consequently, defendant Gary is not protected by the doctrine of judicial immunity.

Having determined that defendant Gary acted without jurisdiction because of the lack of statutory authorization for his order, the Court finds it unnecessary to decide whether the proceedings against the plaintiff were in compliance with the relevant provisions of Chapter 5122 of the Ohio Revised Code. Nor does this Court reach the contention that defendant Gary had no jurisdiction because he failed to appoint a guardian ad litem.

Nor has the Court considered in arriving at its decision the effect and extent of plaintiff's consent or the fact that the operation was performed before the twenty day period expired in which plaintiff could have appealed. These arguments may have some probative value in establishing the issues at trial, but were not necessary to the Court's decision.

Whereupon, the Court determines that defendant's motion is without merit and it is therefore denied.

Defendant may move or plead to the complaint within twenty days of the filing of this order.