In the Interest of M. K. R., a child, Appellant.

No. 58545.

Supreme Court of Missouri, En Banc.

Nov. 12, 1974.

**468**

Allan F. Stewart, Clayton, guardian ad litem, for appellant; Jesse A. Goldner, St. Louis, of Counsel.

Frank Susman, Barry S. Schermer, Susman, Schermer, Willer & Rimmel, St. Louis, for respondent.

Huger & Cramer, Bernard C. Huger, St. Louis, for Catholic Charities of St. Louis.

Richard J. Habiger, Richard L. North, Wendy W. Schiller, St. Louis, for National Juvenile Law Center.

HENLEY, Judge.

This is an appeal from a judgment of the juvenile division of the circuit court of St. Louis county authorizing sterilization by surgical procedure of M.K.R., a mentally-deficient female child.

While the appeal was directed to this court on the ground the case presented issues involving construction of the constitution of the United States and the constitution of this state, counsel for appellant in his reply brief tacitly concedes that these issues were not raised in time to invoke the limited appellate jurisdiction of this court (with which we agree), but he insists that the case should be retained here and that all the issues be decided. We retain and decide the case, because of the general interest and importance of a question it presents involving the jurisdiction of the juvenile court,[1] but do not reach the constitutional issues.

The action was commenced by M.A.R., (petitioner), mother of the child, filing a petition in the juvenile division of the circuit court in which she asked the court to "approve an abdominal hysterectomy to be performed" on M.K.R. (appellant), then age 13 years. The allegations of the petition are, in substance, that M.K.R. was born of the marriage of petitioner and R. J.R., and that her custody and care was awarded petitioner in a decree of divorce; that the child is mentally retarded and unable to care for herself; that M.K.R. is a student at a Learning Center and that the personnel in charge of the Center have recommended sterilization to avoid possible pregnancy; that petitioner believes sterilization would be in the best interest of her child. The father has filed his written consent to performance of the requested operation.

An attorney and guardian ad litem was appointed by the juvenile court to represent the child and he and his successor

---

1. We retain the case for decision under authority of Mo.Const. Art. V, § 10, as amended in 1970, V.A.M.S., providing for the transfer of cases to this court from the court of appeals before opinion. See: State v. Clark, 494 S.W. 2d 26 [1] (Mo.banc 1973); Foremost-Mc-Kesson, Inc., v. Davis, 488 S.W.2d 193, 196 (Mo.banc 1972). See also Rule 83.06, V.A. M.R. The case is handled in this manner rather than go through the unnecessary mechanics of transferring it to the court of appeals and in the same breath ordering it retransferred immediately to this court.

have diligently endeavored to preserve and protect the natural interests and legal rights of the child insofar as the judgment sought by the mother could be adverse to and infringe upon those interests and rights.

Evidence was heard on three days, January 15, February 23 and December 12, 1973. The child appeared in person during a part of one day, and by her attorney-guardian ad litem throughout the proceedings. When the trial judge entered the judgment from which this appeal is taken, he made and filed detailed findings of fact and conclusions of law. The evidence is ample to support his findings that, inter alia, M.K.R., has Trisomy 22, an extra chromosome in the 22 series, an intelligence quotient of approximately 50, and severe learning, emotional, neuromuscular and motor problems; that she has problems with her bladder and bowels and is unable to care for herself; that she is unable to understand and care for herself during menstrual periods; that she is "overly friendly," her behavioral patterns are unpredictable, and she is faced with the constant threat of being assaulted and ravished; that should she become pregnant "there is a strong likelihood * * * [her] child would also be abnormal," and because of her mental retardation she would be unable to care for her child. Based on these findings, the trial judge concluded that sterilization "would be conducive to the child's welfare and to the best interests of the state."

Before we discuss the question the answer to which decides this case, we recognize, briefly, and answer in a few words, what is posed in petitioner's argument as a "hard-core" question: "Is this * * * court prepared to single out sterilization from * * * the * * * other medical and surgical procedures * * * which parents daily consent [to] and obtain for the benefit of their minor children * * * [and thereby presume] to second guess the best judgment of the child's own mother, a judgment * * * based upon sound medical evidence * * *?" The answer is "no." It is the petitioner who has singled out sterilization from those other surgical procedures and asked the courts to "authorize," or put what petitioner deems to be a necessary stamp of approval on her "best judgment" as to what is necessary for her child. We do not reach the question of whether the juvenile court's judgment was supported by evidence that sterilization is necessary and in the best interest of the child unless we first determine that the court had jurisdiction to enter the judgment sought by petitioner.

The juvenile court concluded it had jurisdiction over the child and jurisdiction to authorize a sterilization operation "pursuant to sections 211.010 to 211.431 * * *," [2] the juvenile code. Petitioner, in her brief, narrows the applicable sections of the code to § 211.011; subsection (6) of § 211.171; subsections (1)(b) and (1)(c) of § 211.031; and, subsection (4) of § 211.181. Petitioner also asserts that not only did these statutes confer jurisdiction on the court but that it " * * * also had jurisdiction to render its decree under general principles of jurisdiction [as a court of general jurisdiction with all the powers of a court of equity], all proper parties being represented and a justiciable controversy existing."

Subsections (1)(b) and (1)(c) of § 211.-031 provide that the juvenile court shall have jurisdiction of any child in the county in need of but who is without proper care, or whose behavior, environment or associations are injurious to his welfare or the welfare of others.

Section 211.181, subsection (4), provides that as to any child over which it has jurisdiction, the court may, when the child's health or condition requires it, cause him to be placed in a hospital or clinic for treatment or care.

2. References to statutes are to RSMo 1969 and V.A.M.S.

Although § 211.011 provides that the juvenile code shall be liberally construed so as to provide such care as is necessary to the child's welfare, such construction may not be utilized to give the juvenile court jurisdiction and powers not conferred upon it by statute. Nor does § 211.171(6) give the juvenile court the *powers* of a court of equity, as petitioner contends. That section merely provides that the *practice and procedure* in that court shall be the same as that which is customary in equity proceedings. Hence, the juvenile court is not a court of general jurisdiction with all the powers of a court of equity; it is a court of limited jurisdiction with only such powers as are expressly conferred by the juvenile code. In re: A_____ N_____, 500 S.W.2d 284, 287[1] (Mo.App.1973); In re: M_____, 446 S.W. 2d 508, 512[3] (Mo.App.1969); In re: K.W.H., 477 S.W.2d 433, 438[5] (Mo.App. 1972); State v. Taylor, 323 S.W.2d 534, 537[5] (Mo.App.1959).

In speaking to the question of jurisdiction in general, the court said in *Taylor,* supra, that "[e]ven a court of general jurisdiction, while engaged in the exercise of a special statutory power, is a court of limited jurisdiction and its powers are confined strictly to the authority given by statute. A juvenile court is a legal tribunal limited in its jurisdiction by the statute law which establishes it * * *."

We conclude that the provisions of none of the sections of the juvenile code

referred to by petitioner confer on the juvenile court the jurisdiction and power to order or authorize the sterilization of a child. And we find no section of the code which does. Nor for that matter do we find any constitutional or statutory provision empowering any court in this state to order the involuntary sterilization of any person.[3] We note, however, that our ruling is limited to the narrow question presented in this case.

In the only cases cited by either of the parties in which appellate courts have considered the question of sterilization, where there was no specific statutory authorization for the operation, the courts affirmed the judgment of the trial courts which had concluded that sterilization was not within their respective general powers, and held that it was a matter to be dealt with by the legislature. See: Holmes v. Powers, 439 S.W.2d 579, 580 (Ky.1969); Frazier v. Levi, 440 S.W.2d 393, 394[2] (Tex.Civ. App.1969).

The courts are not faced in this case with a prayer for a judgment authorizing ordinary medical treatment, or radical surgery necessary to preserve the life of a child; we are faced with a request for sanction by the state of what no doubt is a routine operation which would irreversibly deny to a human being a fundamental right, the right to bear or beget a child. Jurisdiction of the juvenile court to exercise the awesome power of denying that right may not be inferred from the general

3. Petitioner notes in her brief that compulsory sterilization is now authorized by statute in 27 states, referring to Ala.Code, Tit. 45, Sec. 243 (1923); Ariz.Rev.Stat.Ann., Sec. 36–531 to 36–540 (1956); Ark.Stat.Ann., 59–501 to 59–502 (1971); Cal.Welfare & Institutions Code, Sec. 7254 (Supp.1971); Conn.Gen.Stat. Rev., Sec. 17–19 (1969); Del.Code Ann., Tit. 16, Sec. 5701–5705 (1953); Ga.Code, Sec. 84–931 to 84–936 (1970); Ind.Ann.Stat., Sec. 22–1601 to 22–1618 (1937); Iowa Code Ann., Sec. 145.1 to 145.22 (1965); Maine Rev.Stat. Ann., Tit. 34, Sec. 2461–2468 (1964); Mich. Stat.Ann., Sec. 14.381–14.390, M.C.L.A. 720.-301–720.310 (1948); Minn.Stat.Ann., Sec. 256.07–256.10 (1953); Miss.Code Ann., Sec. 6957–6964 (1942); N.H.Rev.Stat.Ann., Sec. 174:1 to 174:14 (1964); N.C.Gen.Stat., Sec. 35–36 to 35–37 (1963); N.D.Century Code Ann., Sec. 25–04.1–01 to 25.04.1–08 (1967); Okla.Stat.Ann., Tit. 43A, Sec. 341–346 (1933); Ore.Rev.Stat., Sec. 436.010 to 436.-150 (1971); S.C.Code Ann., Sec. 32–671 to 32.680 (1962); S.D.Comp.Laws Ann., 1–36–12, 27–11–1 to 27–11–6, 27–12–1.1, 27–17–1 to 27–17–34 (1967); Tex.Civ.Stat.Ann., Art. 3174b–2 (1955); Utah Code, Sec. 64–10–1 to 64–10–14 (1961); Vt.Stat.Ann., Tit. 18–8701 to 18–8704 (1968); Va.Code Ann., Sec. 37.1–156 to 37.1–170 (1972); Wash.Rev.Code Ann., Sec. 9.92.100 (1909); W.Va.Code Ann., Sec. 16–10–1 to 16–10–7 (1967); and Wisc.Stat. Ann., Sec. 46.12 (1955).

language of the sections of the code to which we have referred. Such jurisdiction may be conferred only by specific statute.

Whatever might be the merits of permanently depriving this child of this right, the juvenile court may not do so without statutory authority—authority which provides guidelines and adequate legal safeguards determined by the people's elected representatives to be necessary after full consideration of the constitutional rights of the individual and the general welfare of the people.

We acknowledge and express our gratitude to counsel for the parties and amici curiae for the assistance they have been to the court through their briefs and argument.

The judgment is reversed.

DONNELLY, C. J., and SEILER, MORGAN, BARDGETT and FINCH, JJ., concur.

HOLMAN, J., concurs in result.