325 N.E.2d 501 (1975)
A.L., Plaintiff-Appellant,
v.
G.R.H., Defendant-Appellee.
No. 1-1273A213.
Court of Appeals of Indiana, Third District.
April 16, 1975.
Rehearing Denied May 29, 1975.
John D. Clouse, Evansville, for plaintiff-appellant.
David V. Miller, Frick, Powell & Miller, Evansville, Marcia Pearce Burgdorf, Co-Counsel, South Bend, for defendant-appellee.
GARRARD, Judge.
A.L. filed a complaint for declaratory judgment seeking declaration of her right under the common law attributes of the parent-child relationship to have her son, G.R.H., sterilized.
The boy, age fifteen, had suffered brain damage as the result of being struck by an automobile during his early childhood.
Expert testimony indicated that at the time of trial he had an I.Q. of 83. This was described as seven points below the normal range and in the "dull" or "borderline" area. Retarded ranges were assertedly below 70. It was stated that the boy had benefitted substantially from the special education program in which he was enrolled and that he appeared capable of *502 further improvement. (His I.Q. two years before the action had tested at 65.) It was the opinion of the experts that he would be capable of earning his own livelihood either in specially supervised work or in entry-level jobs in the general marketplace.
His mental disability would not be transmittable to his offspring. In addition, he had exhibited no behavior from which a propensity to force his attentions on others might be inferred. It was the opinion of his psychiatrist that it was unlikely that G.R.H. would initiate antisocial activity, although his residual brain damage might render him more susceptible to being led into such activities. It was the expert's opinion that G.R.H. was sufficiently intelligent to understand what was involved in sterilization and to participate in the decision making process.
On the other hand, the evidence showed the boy had become interested in girls, that he wanted to date, and liked to kiss. Furthermore, it was shown that most of his female social contact was with other children from his special education classes. It is thus urged that if he impregnates a female, the great likelihood is that it will be one of these retarded or handicapped children.
The evidence at trial did not describe the proposed surgery, except to identify it as a vasectomy. However, from the positions taken by the parties, we are justified in assuming the operation would be simple, virtually painless and irreversible. It would leave G.R.H. unimpaired in his physical ability to have intercourse although he would be rendered permanently sterile.
The trial court denied the mother's right to secure the operation, and this appeal follows.
At the outset, we thank counsel for their excellent efforts in representing a seriously concerned parent and in providing the guardian ad litem defense of the child's interest.
In considering the facts at hand, it should be first noted that we are not dealing with a legislative enactment permitting sterilizations without consent where certain conditions exist.[1]
Secondly, the facts do not bring the case within the framework of those decisions holding either that the parents may consent on behalf of the child to medical services necessary for the child,[2] or where the state may intervene over the parents' wishes to rescue the child from parental neglect or to save its life.[3]
Permanent sterilization as here proposed is a different matter. Its desirability emanates not from any life saving necessities. Rather, its sole purpose is to prevent the capability of fathering children.
We believe the common law does not invest parents with such power over their children even though they sincerely believe the child's adulthood would benefit therefrom. This result has been reached most recently in In Interest of M.K.R. (1974), Mo., 515 S.W.2d 467, and In re Kemp's Estate (1974), 43 Cal. App.3d 758, 118 Cal. Rptr. 64, where the courts of Missouri and California held that their respective juvenile statutes making general provision for the welfare of children were insufficient to confer jurisdiction to authorize the sterilization of retarded girls in the absence of specific sterilization legislation. See, also, Wade v. Bethesda (S.D. Ohio 1973), 356 F. Supp. 380; Frazier v. Levi (1969), Tex.Civ.App., 440 S.W.2d 393; Holmes v. Powers (1968), Ky., 439 S.W.2d 579.
The trial court correctly denied the requested relief.
Affirmed.
STATON, P.J., and HOFFMAN, J., concur.
NOTES
[1] See, e.g. Buck v. Bell (1927), 274 U.S. 200, 47 S.Ct. 584, 71 L.Ed. 1000; IC 1971, XX-XX-XX-X - XX-XX-XX-X (Burns Code Ed.) (Repealed, Acts 1974),
[2] Weston v. Hospital of St. Vincent (1921), 131 Va. 587, 107 S.E. 785.
[3] See cases collected 30 A.L.R.2d 1138.