Sidney Leviss, J.
This is an application for an order authorizing the petitioner to consent to a sterilization procedure on behalf of her adult daughter, the respondent herein and a person alleged to be incapable of giving consent.
A guardian ad litem has been appointed to represent the rights and interests of respondent and has submitted a report of his findings and recommendation. Pursuant to an order of this court dated December 4, 1975, a psychiatrist was appointed to conduct an examination of respondent and to submit a report on his findings. Upon receipt of the reports of the guardian and the court-appointed psychiatrist, a hearing was held on December 12, 1975 during which the testimony of the examining psychiatrist and respondent’s parents was taken. The court, in addition, interviewed respondent after determining that she could not be duly sworn.
The respondent was born September 1, 1952 at Jamaica Hospital and is the younger of two children. At the age of two she suffered a seizure which resulted in brain damage. After attending classes for brain damaged children, she attended the Institute for the Crippled and Disabled and now attends the Cerebral Palsy Center where she is employed at a nominal salary to do simple packing. Respondent resides in Queens County with her parents.
The condition from which the respondent suffers was diagnosed by the court-appointed psychiatrist as severe mental retardation with marked infantile thinking, behavior and attitudes. Her condition is not congenital, having resulted from organic brain damage, although it is irreversible. At her present age of 23 she is sexually mature, but has an I.Q. of 62 and functions at a six- or seven-year-old age level. She is unable to understand abstract concepts and does not know the difference between a man and a woman. Although respon *297 dent’s vocabulary is good and she appears friendly and cooperative, she refuses all medication, has many phobias, and her personal hygiene and menstrual cycle must be handled by her mother. From all the evidence before the court as well as from its observations of respondent, the court has concluded that she is unable to knowingly consent or withhold consent to the proposed sterilization procedure.
The State of New York since 1918 does not have a statute authorizing the sterilization of individuals. In 1918 the New York statute was declared unconstitutional as it denied equal protection in that it did not apply to persons similarly situated outside institutions. (Osborn v Thomson, 103 Misc 23, affd 185 App Div 902.) Other States, however, have statutes authorizing sterilization in a variety of cases. (See 53 ALR3d 960, 965; 21 Am Jur, Proof of Facts, pp 255, 301-309.)
The jurisdiction of the court in this proceeding arises not by statute, but from the common-law jurisdiction of the Supreme Court to act as parens patriae with respect to incompetents. (Moore v Flagg, 137 App Div 338; Matter of Weberlist, 79 Misc 2d 753.) The rationale of parens patriae, as was stated by the court in Matter of Weberlist (supra, p 756) is "that the State must intervene in order to protect an individual who is not able to make decisions in his own best interest. The decision to exercise the power of parens patriae must reflect the welfare of society, as a whole, but mainly it must balance the individual’s right to be free from interference against the individual’s need to be treated, if treatment would in fact be in his best interest.”
The decision to authorize compulsory medical treatment for an individual is subject to a variety of factors and is an extremely difficult decision to make. (See Matter of Sampson, 65 Misc 2d 658, affd 37 AD2d 668, affd 29 NY2d 900; Matter of Weberlist, supra; Matter of Nemser, 51 Misc 2d 616.) In determining whether a sterilization procedure would be in respondent’s best interest, the court has given great weight to the testimony of the court-appointed psychiatrist that in his expert opinion sterilization is recommended because pregnancy would have a substantial likelihood of causing a psychotic reaction in respondent. From this expert opinion, coupled with the recommendation by the guardian ad litem, the opinion of the family psychiatrist, respondent’s proclivity for encounters with males and the testimony of respondent’s parents, the court has concluded that it would be in the best *298 interest of respondent to have a sterilization procedure performed.
Accordingly, the application is granted.