John D. Bennett, S.
This is an application by A. D., mother and guardian of the person of D. D., infant, for an order authorizing the sterilization of D. D. The petition, supported by a physician’s letter, alleges that D. D. is 16 years old, but that she functions below a 5-year level as a result of severe mental retardation. It further alleges that she is attractive and well developed and that attempts have been made to seduce her. The petition concludes that D. D. would be entirely unable to care for a baby in the event she were to become pregnant. A guardian ad litem was appointed for D. D. and has submitted a report supporting the application. The court conducted its own inquiry regarding the procedure to be followed and a copy of the information supplied to court is in the guardianship file. This data indicates that the procedure is permanent with no acceptable method for reversal.
The petition must be denied. No statute in New York authorizes this extraordinary procedure, and in the absence of legislative guidelines, determination of such a fundamental right may not be left to the courts on a case-by-case basis.
At one time New York had a law authorizing sterilization (L 1912, ch 445 [repealed 1918]). Because that law applied only *237 to persons in institutions, it was held to be a violation of the equal protection clause (US Const, 14th Amdt; Osborn v Thomson, 103 Misc 23, affd 185 App Div 902). It is significant that despite a United States Supreme Court decision eight years later holding a similar statute constitutional (Buck v Bell, 274 US 200), the New York Legislature never re-enacted the repealed law. The position in New York is that sterilization "should be approached with extreme caution and permitted only when it clearly appears that [it] is indicated as a proper medical measure for the protection of the health of the individual” (1943 Opns Atty Gen 336).
Moreover, in more recent Supreme Court cases, the right to bear children has been held to be "fundamental” (Roe v Wade, 410 US 113; Eisenstadt v Baird, 405 US 438; Griswold v Connecticut, 381 US 479). Consequently, restrictions on that right must meet the stringent "compelling state interest” test rather than the "rational basis” test used in 1926 in Buck v Bell (supra) and Skinner v Oklahoma (316 US 535 [State sterilization law violated equal protection clause]).
Admittedly, certain State courts have, in the absence of a statute, invoked the doctrine of parens patriae to authorize the sterilization of incompetents (Matter of Sallmaier, 85 Misc 2d 295 [facts almost identical to the case at bar]). Under the parens patriae concept, the individual’s right to be free from undue interference by the State is balanced against his own best interests. (See Matter of Weberlist, 79 Misc 2d 753.)
The sounder view, however, is that in the absence of specific statutory authority, the courts lack jurisdiction to make this fundamental and irreversible decision (Frazier v Levi, 440 SW2d 393 [Tex]; see Holmes v Powers, 439 SW2d 579 [Ky] [incompetent has no power to consent]). See, also, Wade v Bethesda Hosp. (337 F Supp 671), where a Probate Judge who had ordered a sterilization on the basis of a statute generally entrusting to the probate court the care and supervision of mentally retarded persons was sued in a civil action for damages. The Federal District Court denied his motion for summary judgment based on judicial immunity, ruling that without specific statutory authorization, the Judge was entirely without jurisdiction to order the operation. See, generally, Relf v Weinberger (372 F Supp 1196), where it was held that Federal funds could not be used for sterilization of minors and incompetents who were unable to consent to the procedure.
*238 This situation is by no means an isolated incident. In fact, a similar petition is currently pending before this court. It should be emphasized that the fundamental right here at stake is not absolute; the State may by statute restrict it when there is compelling reason to do so. New York has apparently not seen fit to enact such legislation. It is imperative that if restrictions are placed on the right to bear children, they must be carefully delineated by the Legislature (see 78 W Va L Rev 131) and not by the judiciary. Thus, while the court takes no position as to whether the Legislature should act in this regard, it feels strongly that the sterilization of incompetents is not a proper subject for ad hoc determination by the judiciary. A copy of this decision will therefore be forwarded to Senate and Assembly representatives.
The court notes that its determination herein was based in part on the present available medical information that sterilization of women appears to be permanent and not reversible. It has come to the court’s attention through an article in To The Point International magazine in its October 18, 1976 issue that there is under study a reversible procedure. If satisfactory medical data can be submitted to the court indicating that the procedure can be reversed, the court may reconsider this application.
The application is denied.