378 A.2d 144 (1977)
In the Matter of S. C. E.
Court of Chancery of Delaware, New Castle.
Submitted August 24, 1977.
Decided September 20, 1977.
Robert K. Beste, Jr., of Biggs & Battaglia, Wilmington, for petitioners.
HARTNETT, Vice Chancellor.
A Petition for the Appointment of a Guardian for S.C.E. was presented to the Court.
The Petition recited that it was filed in order to obtain the Court's approval for an operation which would have the effect of sterilizing S.C.E. Testimony and the affidavits of two doctors clearly show that S.C.E., who is 13 years old, is severely mentally retarded. She has a mental age of approximately 5 years. She is so severely mentally retarded that she has the use of only one arm and must have help from her parents whenever she uses the toilet. It is highly unlikely that the condition of S.C.E. will ever materially improve. It is clear that but for the devotion of S.C.E.'s parents she would be institutionalized. The doctors who examined her recommended a surgical procedure involving an abdominal hysterectomy *145 with preservation of the ovaries in order to save her the difficult task of providing for her monthly perineal care and to prevent her from ever becoming pregnant. She would be totally unable to care for an infant.
Petitioners, the parents of S.C.E., in urging the Court's approval for the sterilization procedure, have called the Court's attention to the fact that similar situations requesting approval for sterilization have been granted by the Court in the past. They also call attention to 12 Del.C. § 3901[1] which confers general jurisdiction on this Court to appoint guardians for minors and urge that the general authority vested in this Court by that statute grants this Court the power to order or approve the sterilization. Petitioners also cite In Re Markel, Del.Supr., 254 A.2d 236 (1969); In Re Conner, 43 Del.Ch. 310, 226 A.2d 126 (1967); and In Re duPont, 41 Del.Ch. 300, 194 A.2d 309 (1963). The cited cases, however, all relate to the appointment of a guardian over the property of the ward and hold that the Court of Chancery has no inherent power to appoint guardians for mentally ill or infirm persons in the absence of a statute.
I am convinced that the procedure prayed for would, under all the circumstances, be in the best interests of S.C.E. I am, however, faced with the holding of the U.S. Court of Appeals for the 7th Circuit in Sparkman v. McFarlin, 552 F.2d 172 (1977). In the Sparkman decision the Court held that the Indiana Superior Court had no jurisdiction to order the sterilization of a minor because Indiana had adopted a statute providing for the sterilization of institutionalized persons and setting forth the procedure to be followed in such cases. A similar statute exists in Delaware (Ch. 57, Title 16, Del.C.). The Court held that the Legislature of Indiana, by adopting a statutory procedure for sterilization of institutionalized persons, negated jurisdiction in cases not involving institutionalized persons.
I disagree with the reasoning of the Circuit Court because I believe a Legislature neither claims nor has such sophistication. If Sparkman is correct, we are faced with the unfortunate result whereby a mentally retarded child is penalized if she is fortunate enough to have parents who, at considerable sacrifice, elect to keep her at home instead of in an institution.
In view of the Sparkman decision, however, and its holding that a judge who orders a sterilization without specific legislative authority is not clothed with judicial immunity, I decline to enter the proposed order authorizing the sterilization.
Petitioners also argued that this Court has inherent authority to order sterilization. This argument, however, is negated by the case of In Interest of M. K. R., Missouri Supr., 515 S.W.2d 467, 470 (1974). In that opinion the Missouri Supreme Court held that although the juvenile court had the power to order any acts for the welfare of any child, there was no jurisdiction to order sterilization. The Court said:
The courts are not faced in this case with a prayer for a judgment authorizing ordinary medical treatment, or radical surgery necessary to preserve the life of a child; we are faced with a request for sanction by the state of what no doubt is a routine operation which would irreversibly deny to a human being a fundamental right, the right to bear or beget a child. . . . Such jurisdiction may be conferred only by specific statute. (emphasis added)
See also Holmes v. Powers, Ky.App., 439 S.W.2d 579 (1968); Frazier v. Levi, Texas Civil App., 440 S.W.2d 393 (1969); in which courts refused to approve and order sterilizations absent specific statutory or constitutional authority.
For the reasons stated I must decline to enter an order approving or directing the sterilization of S.C.E. It would appear that if this Court is to approve sterilizations of *146 minors in the future an act of the General Assembly will be necessary to specifically confer this jurisdiction on this Court.
So ordered.
NOTES
[1] 12 Del.C. § 3901 states:

The Court of Chancery may appoint guardians of and for minors in term or in vacation.