■ In the Matter of D. D., a Mentally Retarded Person. A. D., as Guardian of the Person of D. D., Appellant.—In a special proceeding to authorize the petitioner to consent to a surgical sterilization of her mentally retarded infant daughter, the petitioner appeals from an order of the Surrogate's Court, Nassau County, dated September 28, 1977, which denied the application. Order affirmed, without costs or disbursements. The mother and natural guardian of the infant D. D. filed a verified petition with the Surrogate's Court, Nassau County, in which she sought an order authorizing her to consent to the surgical sterilization of her daughter. The petition, which was supported by a physician's letter, alleges that D. D., born July 9, 1961, functions below the level of a five year old as a result of severe mental retardation. However, she is capable of bearing children. The petition further alleges that D. D. is attractive, physically well-developed, and that attempts have been made to seduce her. The petitioner and the physician's letter accompanying the petition conclude that D. D. would be unable to care for a baby in the event she were to become pregnant. The Surrogate appointed a guardian ad litem for D. D., who submitted a report supporting the petitioner's application. The Surrogate denied the petition. He held that in the absence of legislative guidelines and specific statutory authority the court is not empowered to grant the relief requested. In affirming the order of the Surrogate, we rest our decision on the more fundamental concept that the Surrogate's Court did not have the requisite subject matter jurisdiction to hear the instant case. The Surrogate's Court is a court of limited jurisdiction, whose subject matter jurisdiction is conferred solely by the State Constitution and by statute (NY Const, art VI, § 12). As to matters within its scope of jurisdiction, it has power to make a complete and equitable disposition of the case (SCPA 201, subds 2, 3; 209, subds 9, 10). These powers of disposition, however, cannot provide the Surrogate with any broader jurisdictional authority than that specified in the statutes. The Surrogate's Court is empowered to appoint a guardian of the person and/or property of a mentally retarded person (SCPA 1750) and its powers of disposition, as stated in SCPA 201 and 209, would enable the Surrogate's

Court to supervise that appointment. However, we cannot infer from these provisions that the court is provided with jurisdiction to entertain a petition seeking an order authorizing a natural guardian and mother to consent to the surgical sterilization of a mentally retarded child. SCPA article 17-A, governing the guardianship of mentally retarded persons, was enacted to provide for the guardianship of such mentally retarded persons as have reached the age of majority. Under former practice, a guardian was appointed during the minority of a mentally retarded person, which guardianship terminated when the retarded person reached the age of majority. Thereafter, it was necessary to commence a proceeding to adjudicate such person an incompetent and to have a committee appointed to act on his behalf. Article 17-A combines this two-step procedure into one by extending the duration of the guardianship, in most instances, to the lifetime of the retarded person. However, the broad subject matter jurisdiction needed to entertain the petition at bar cannot be found in any of the provisions contained in SCPA article 17-A. Having determined that the Surrogate's Court does not have subject matter jurisdiction, we need not address the merits of the appeal, which raises a question of public policy. At such point this court would be confronted with the very sensitive task of determining whether authority for sterilization of a retarded person should be granted by the judiciary in the absence of statutory guidelines. Although we do not reach that issue, we have studied the problem and strongly feel that the relief requested by appellant's petition should await legislation governing the exercise of such relief (see, generally, *Matter of D. D.*, 90 Misc 2d 236, 236-238; Jurisdiction of Court to Permit Sterilization of Mentally Defective Person in Absence of Specific Statutory Authority, Ann., 74 ALR3d 1210). Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur. [90 Misc 2d 236.]