This case of first impression involves the equity powers of the Circuit Court to order sterilization of a mentally deficient minor, absent legislative authority.
The appellants filed a complaint in the Circuit Court, alleging in pertinent part that:
 1. Plaintiffs are the parents of Defendant who is a minor female child sixteen years of age.
 2. Said child is mentally incompetent because of mental illness or mental retardation, *Page 311 
and has an estimated intelligence level of that of a four year old child.
 3. That said child is very mature physically, has begun talking about her "boy friend". . . . She is very trusting and can be led and induced to do almost anything by anyone.
 4. That said child is not mentally capable of handling the responsibilities of parenthood in the event she should be induced into sexual intercourse and a pregnancy resulted therefrom.
 5. That Petitioners believe it to be in the best interest of their said child that she undergo the necessary surgical procedure to be sterilized sexually.
 6. The Plaintiffs invoke the equity jurisdiction of this Court over incompetence.
A guardian ad litem was appointed for the appellee, and after a hearing, the court entered the following judgment.
 This cause comes to be hard on the petition of the plaintiffs, . . . the parents of the defendant, . . . a minor child, seeking an order to allow the said minor defendant to undergo necessary surgical procedure to sterilize her sexually, the answer of the Guardian Ad Litem heretofore appointed by the Court to represent the said minor defendant, and the testimony taken orally before the Court and the exhibits thereto. Upon consideration of the same, the Court finds that the defendant is a minor child who will be 16 years of age on September 22, 1978; that she is mentally deficient, and has a mental level of a child between four and eight years of age; that the said defendant is capable of reproducing a child, and that said reproduced child would have a fifty percent chance of being the same kind of mental defective. The Court is of opinion that it has jurisdiction of this cause, but it does not have the authority, either statutory or at common-law, to grant the relief sought by said petition. The Court is, therefore, of the opinion that the relief sought by the plaintiffs should be denied.
We note there is no contention that a surgical procedure is medically necessary or that the failure to authorize sterilization will endanger the appellee's life or health.
The holding of the United States Supreme Court in Buck v.Bell, 274 U.S. 200, 47 S.Ct. 584, 71 L.Ed. 1000 (1927), supports the validity of statutes regulating sterilization of incompetents. We are reluctant to act in this field absent specific statutory authorization.[1]
Notwithstanding the Buck case, supra, the United States Supreme Court has more recently addressed the broad spectrum of issues raised by the intensely personal and private decisions made by individuals with respect to matters of procreation.Carey v. Population Services International, 431 U.S. 678,97 S.Ct. 2010, 52 L.Ed.2d 675 (1977) (contraception); PlannedParenthood of Central Missouri v. Danforth, 428 U.S. 52,96 S.Ct. 2831, 49 L.Ed.2d 788 (1976) (abortion); Roe v. Wade,410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (abortion);Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029,31 L.Ed.2d 349 (1972) (contraception); Griswold v. Connecticut,381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (contraception);Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655
(1942) (sterilization).
The most significant themes readily apparent from a reading of these cases are that the rights of marriage and procreation are fundamental rights, Skinner, supra, and an individual's decision with respect to bearing children is at the very heart of a cluster of recognized and protected constitutional rights.Carey, supra.
The import and gravity of these themes is evinced by the fact that the overwhelming majority of the courts which have considered the issue before us have refused to sanction the surgical sterilization of mentally deficient persons without specific legislative *Page 312 
authority. In re M.K.R., 515 S.W.2d 467 (Mo. 1974); Holmes v.Powers, 439 S.W.2d 579 (Ky. 1968); Guardianship of Tully,83 Cal.App.3d 698, 146 Cal.Rptr. 266 (1978); In re D.D.,90 Misc.2d 236, 394 N.Y.S.2d 139 (Sur.Ct. 1977), aff'd on othergrds., In re D.D., 64 A.D.2d 898, 408 N.Y.S.2d 104 (1978); A.L.v. G.R.H., 163 Ind. App. 636, 325 N.E.2d 501 (1975), cert.denied, 425 U.S. 936, 96 S.Ct. 1669, 48 L.Ed.2d 178 (1976);Guardianship of Kemp, 43 Cal.App.3d 758, 118 Cal.Rptr. 64
(1974); Frazier v. Levi, 440 S.W.2d 393 (Tex.Civ.App. 1969); Inre Lambert, No. 61-156 (Tenn.Ct.App., Oct. 29, 1976) noted in 44 Tenn.L.Rev. 879 (1977); Annot., 74 A.L.R.3d 1210; Annot., 74 A.L.R.3d 1224; Comment, Sterilization, Retardation, andParental Authority, 1978 B.Y.U.L.Rev. 380. See also Ruby v.Massey, 452 F. Supp. 361 (D.Conn. 1978).
We conclude that the inherent equity power of the circuit court over both incompetents and minors does not include the power to order a surgical sterilization under the circumstances here presented, absent specific legislative authorization. The profound nature of the constitutional and social issues raised by this case and the irreversible character of the physical consequences of the requested relief preclude judicial resolution absent legislative action.
Our holding comports not only with the weight of authority, but also with our perception of the fundamental personal interests preserved by our abstention. The judgment of the circuit court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.
[1] See Tit. 45, § 243, Code of 1940 and Wyatt v. Aderholt,368 F. Supp. 1383 (1974) regarding sterilization of inmates in mental institutions.